## Case No. 8,810.

### M'GRATH v. CANDALERO.

[Bee, 64.] [1]

District Court, D. South Carolina. Nov. 10. 1794.

PRACTICE IN ADMIRALTY—TORTS—ATTACHMENT IN REM—MOTION TO REVIEW—ERROR ON FACE OF RECORD.

1. Admiralty courts have jurisdiction to proceed by attachment in rem, for torts.

[Cited in The Bremena v. Card. 38 Fed. 145.]

2. Motion to review a decree must fail after writ of error lodged: and if the exceptions to the jurisdiction might have been taken before the decree passed. Otherwise, if error appear on the face of the record, or if new matter be discovered.

[Cited in The New England, Case No. 10.151.]

[1] [Reported by Hon. Thomas Bee, District Judge.]

[This was a libel by M'Grath against the sloop Candalero and Henri Hervieux for damages for the illegal seizure of the schooner Polly and her cargo. The court decided in favor of libelant (Case No. 8,809), and the cause is now heard on a motion to review and to discharge the property attached.]

BEE, District Judge. Out of this motion two points arise for discussion. 1st. Whether this court has jurisdiction to proceed, by attachment, for torts. 2d. Whether, even if they have not, exceptions to the jurisdiction are not now too late.

By the 9th section of the judiciary act this court has exclusive original cognizance of all civil causes of admiralty, and maritime jurisdiction. At common law, an action will lie for seizing, stopping or taking a ship upon the high sea. Le Caux and Eden. Our state courts might, therefore, have exercised such jurisdiction; but the act of congress vests it exclusively in this court, in the first instance. If, then, the present motion succeeds, there would be a right without a remedy. It is not denied that attachment will lie in matters of debt or contract. Why not in cases of tort? If an alien sue here for a tort under the law of nations or a treaty of the United States, against a citizen of the United States, the suit will be sustained. Shall it be otherwise, where the alien is the offender, and one of our citizens the party complaining? The object of the attachment is to secure redress out of the property of the party, when you cannot get at his person. If he comes in time, and gives security, his property may be discharged. In short, I can see no reason for granting what is sought by this motion, and many for refusing it. Even if it were a new question, I should think it one of the cases in which a good judge would choose "ampliare jurisdictionem."

The second point is, whether after decree, and writ of error lodged, this application is not too late. I think it is. The parties themselves proposed to lodge this money as security, subject to the order of the court. At any rate it would have been liable, after the decree had passed. Even under the old practice of stipulation, body and goods were included. And if Hervieux were in custody on capias to fulfil the decree, he could have derived no benefit under the state law of insolvency, by which torts are excepted. It is laid down in Vin. Abr. tit. "Chancery" (Z,) par. 18. that "forgetfulness or negligence of parties is no foundation for a bill of review." "Matters which might have been put in issue in the original cause, shall never be examined on bill of review. Bill of review is allowed only on errors apparent upon the face of the record, or on new matter discovered since the decree." Gilb. Eq. 184.