## Case No. 13,930.

THOMASSEN et al. v. WHITWELL et al.

[9 Ben. 458.] [1]

District Court, E. D. New York.    April, 1878.

SHIPPING—LIMITATION OF LIABILITY—PRACTICE—
AMENDMENT OF PLEADINGS AFTER
DECREE—LACHES.

1. A decree of the district court cannot be opened and an amended answer allowed to be filed on the ground that since the rendition of the decision of the district court, it has been ascertained that prior to such decision, the circuit court for the district had rendered a decision upon the point at issue conflicting with the decision of the district court. The proper course in such a case is to take an appeal, and so test the correctness of the conclusion arrived at by the district court.

2. A party seeking to take advantage of the statutes of the United States limiting the liability of ship-owners, cannot do so by answer. The proper method is to institute an independent proceeding under the general admiralty rules of 1872 (Rules 55–58).

3. It is not necessary to obtain leave of the court to institute the proceeding required by the admiralty rules under the statute providing for limitations of liability.

[This was a libel in personam by Jens Thomassen and Julius Smith, owners of the Norwegian bark Daphne, against Mark Whitwell & Co., owners of the British steamship Great Western, for damages on account of collision. The case was first heard upon application to dismiss for want of jurisdiction on account of all parties being aliens. The application was denied. Case No. 13,928. The respondents claimed, upon hearing, a right to exemption from personal liability upon abandonment of ship and freight. This was denied by the court upon the ground that they had parted with all title to the vessel before their tender of abandonment, and consequently had nothing to abandon. There was a decree in favor of libellants for full damages Id. 13,929. The case is now heard upon application for leave to file amended answer.]

C. Van Santvoord and Henry T. Wing, for libellants.

R. D. Benedict and Foster & Thomson, for respondent.

BENEDICT, District Judge. This case comes before the court upon an application for leave to file an amended answer and to have the cause retried.

The action is brought to recover damages for a collision that occurred on the high seas between two foreign vessels. It has already proceeded to a hearing upon pleadings and proofs, and a decree has been rendered whereby it was adjudged that the libellant is entitled to recover of the defendant the amount of damages caused by the collision in the pleadings mentioned, and it was ordered that a reference be had before a com-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

missioner, to ascertain and report the amount of such damage.

Upon the hearing so had, among other questions decided was one relating to the limit of the defendant's liability. In re Thompson [Case No. 13,929]. At that hearing it was not contended on the part of the defendant that the statute of the United States limiting the liability of ship-owners (Rev. St. § 4283), had any effect upon the rights of these foreigners; on the contrary, the defendant insisted that neither of these parties could take the benefit of our statute, for the reason that the collision occurred beyond the territorial limits of the United States, and between two foreign vessels, and that the extent of the defendant's liability was to be determined according to the rule of the general maritime law. No decision of any court of the United States bearing upon the question of the effect of our statute in such a case was cited upon the hearing, and this court decided, first, that the general maritime law must govern such a case; and second, that by that law the defendant had waived his right to a limitation of his liability.

Pending the reference directed by the decree above mentioned, the defendant now applies to this court to open the decree and allow him to file an amended answer asking the benefit of the statute of the United States (Rev. St. U. S. § 4283), or to file a petition or libel to obtain the benefit of that statute and that the cause be thereupon heard anew.

The sole ground of this application is that, since the rendition of the decision of this court, it has come to the knowledge of the advocate of the defendant that, prior to such decision, it had been decided by the circuit court for the Southern district of New York, in the case of Levinson v. Oceanic Steam-Nav. Co. [Case No. 8,292], that the statute of the United States applied in all cases, which decision, it is contended, is controlling authority upon this court, and requires this court to determine the extent of the defendant's liability according to the statute of the United States.

In passing upon this application, I do not find occasion to examine the precise extent of the decision of the circuit court in the case of Levinson v. Oceanic Steam-Nav. Co. [supra] S. D. N. Y. Jan. 25, 1876, and certainly none to discuss the legal effect of that decision as authority binding upon this court. The existence of such a decision, it not having been reported, was unknown when this court made its decree. Had that decision been brought to the attention of this court before the rendition of a decision, it would certainly have received that careful consideration which the learning and ability of the judge who delivered the opinion must always compel, and no attempt would have been made to avoid the legal effect of his adjudication. But a different question is presented by the citation of that decision at the present stage of this case, when, before consideration can be given to it, a formal decree regularly entered must be set aside, and as the motion implies, an amendment of the answer permitted. Such a question can only be determined according to the legal rights of the parties, and not by reference to the wishes of this court to avoid a seeming disregard of the decision referred to.

The relief here sought cannot be granted unless some fact appears that furnishes legal ground for setting aside the decree and awarding the defendant a new trial upon an amended answer. The only fact relied on as such ground is that the attention of the court was not called to a decided case, which, it is supposed, would have been decisive of this case, the existence of such a decision being at the time unknown to the advocate. Such a fact does not, in my opinion, furnish just ground for depriving the libellant of the benefit of the decree which he has obtained. The proper course is to take an appeal and so try the correctness of the conclusion arrived at by this court.

Furthermore, this is an application for leave to take advantage of the statute of the United States limiting the liability of ship-owners, by an answer to be filed in this cause, and as a defence to the action brought by the libellant. But, in my judgment, the proper if not the only method by which to take advantage of the statute is to institute an independent proceeding. I have, in other cases, taken occasion to express the same opinion, and I now add a few remarks to what I have already said on former occasions

As I view the statute, while adopting the rule of the maritime law in respect to the limit of the ship-owner's liability, it also intended to require the taking of certain proceedings, in order to secure the benefit of the statutory limitation. This appears in section 4283, where provision is made for "appropriate proceedings in any court," meaning thereby, as the next section shows, "any court of competent jurisdiction." The supreme court of the United States (Norwich Co. v. Wright, 13 Wall. [80 U. S.] 104) has decided that neither the circuit courts of the United States nor the state courts have jurisdiction to conduct those necessary proceedings, and that the district courts, as courts of original admiralty jurisdiction, have such authority, and they further say that when the proper proceedings have been taken such proceedings may be plead in bar to any action brought against the ship-owner.

Moreover, the supreme court, by the general admiralty rules of 1872 (Rules 55-58), have gone further and declared what proceedings are the appropriate proceedings required by the statute, and plainly intend that the proceedings described in the rules,

and no others, should be resorted to in order to secure the limitation provided for by the statute. Those rules described a proceeding independent of any pending action, and do not contemplate interposing the statute by way of defence. Thus rule 54 requires a libel or petition in which the limitation of liability is to be claimed and the proper relief prayed for. Upon this libel or petition a monition is to issue directed to all persons claiming damages arising out of the same disaster. These are provisions for the commencement of an action by the ship-owner, not for defending an action commenced against him. Rule 57 provides for the filing of the libel in any district where the ship has been libelled; but contains no language to indicate that when the ship has been libelled the proceeding is to be made a part of such action. It can hardly be that this rule would have been worded as it is if the intention had been to permit the proceeding to be taken by way of answer to the pending suit. It is true that rule 56 gives to the ship-owner the right to contest his liability or the liability of his ship in the proceeding taken by him, and that by virtue of this rule every proceeding to take advantage of the statute may, at the option of the ship-owner, be made to involve a determination of the facts and circumstances upon which his liability depends. But although the ship-owner may thus by his own proceeding compel an adjudication upon his liability as against all who assert such liability and at one time, it does not follow that he should be permitted to convert an action instituted by a single creditor for the simple purpose of an adjudication upon his liability to him alone into such a proceeding.

The remark in the opinion delivered in Norwich Co. v. Wright that the proper course would seem to be to file a petition either with or without an answer to the merits (13 Wall. [80 U. S.] 125), does not necessarily imply that the petition should form part of an answer, or that the proceeding by petition is to form part of a pending suit against the ship-owner for damages; and, besides, the formal rules promulgated subsequent to the delivery of the opinion must control the language of the opinion to which reference has been made.

It should also be remarked that in that very case, where the action was against the ship-owner, it was sought to secure the benefit of the statute by a petition filed in that cause and that the supreme court did not uphold that method of procedure; but directed the ship-owner to take an independent proceeding for the purpose of securing the benefit of the act; which independent proceeding was thereafter taken and upheld by this court as having been directed by the supreme court.

The practice since the promulgation of the rules, in this district at least, has always been to institute a separate proceeding. See

Place v. The City of Norwich [Case No. 11,202]; The City of Norwich [Id. 2,762]; The Epsilon [Id. 4,506]; In re New York & W. Steamship Co [Id. 10,200]. In the case last cited the opinion delivered by this court contained the following observation: "The proceeding under the statute and the general admiralty rules has been treated as wholly distinct from any action in rem that may be pending, and it takes effect upon such action only by means of the restraining order authorized by rule 54." Upon appeal to the circuit the decision of this court in this case of New York & W. Steamship Co. [supra] was affirmed; and the observation just quoted, was approved, it would seem, was approved, otherwise it could hardly have escaped criticism.

Of course it is not intended to be intimated that where appropriate proceedings have been instituted according to the rules, and the limitation of the ship-owner's liability has been declared therein, the decree so made may not be plead in any action brought to enforce such liability. My intention on this occasion is simply to decide that the proper method of securing the advantages of the statute under consideration is to institute an independent proceeding for that purpose, and for this reason also I refuse the present application so far as it looks to taking advantage of the statute by way of answer.

I notice the application includes a prayer for leave to file a libel or petition, but leave of the court is not necessary to institute the proceeding to obtain the benefit of the statute required by the admiralty rules. If the respondent be advised now to institute such proceeding doubtless he has the right to do so, and to obtain the decision of this court in that action, with the consequent right of review upon appeal, as in other cases, if the decision be adverse. The motion is therefore denied.

[On appeal from the decree of this court allowing full damages to libellants (Case No. 13,929), the circuit court held that the Great Western was liable for the proceeds of the wreck, amounting to $1,796.14, and gave a decree for that amount and interest, and for the costs of the libellants in this court. 12 Fed. 891. Appeal was then taken to the supreme court, where the decree of the circuit court was affirmed. 118 U. S. 520. 6 Sup. Ct. 1172.]

THOMASSON (UNITED STATES v.). See Cases Nos. 16,478 and 16,479.