KARL WEIDMAN *vs.* THE AMERICAN STEAMSHIP NEBRASKAN.

September 6, 1907.

*Admiralty—Practice—Foreign seamen on American ship—Suit in forma pauperis:* A foreigner articled as a seaman on an American vessel, who has a cause of action against his ship, is entitled to bring suit in forma pauperis under the provisions of the act of Congress of July 20, 1892, (27 Stat. L. 252).

*Same—Pleading in forma pauperis:* An allegation of the libel in such action that libelant is without property and unable to pay or secure costs, together with affidavit of his proctor, appointed by the court, that there is no one interested in such suit able to pay or secure costs except himself, and that he is entitled to nothing from the case except such fee as may be awarded him by the court, and that he is in the case under no contingent fee, is sufficient.

*Same—Jurisdiction in cases for tort:* Admiralty courts of the United States have jurisdiction *in rem* for matters of tort except in suits for assault, which, by admiralty rule 16, may be *in personam* only.

*Same—Pleading—Allegation of libelant's liability for medical treatment made necessary on account of injuries received in the service of the ship:* An allegation of the libelant that in consequence of injuries received by him in the service of the vessel, he was compelled to seek medical treatment and thereby to incur financial obligations. is not improper, inasmuch as a ship is obliged to furnish suitable medical aid to a seaman in such a case.

*Pleading—Allegation of negligence:* An allegation that in unloading a ship an iron plate slipped from its fastenings through the negligence of the ships' servants, and fell on the libelant injuring him, is sufficient to put libellee on its defense.

*Same—Allegation of damages:* A general allegation of damages, with a statement of the injuries suffered by libelant in consequence of the alleged negligence of the servants of libellee, is sufficient.

*Same—Liability of common carriers:* To bring a case within the act of Congress of June 11, 1906, "relating to liability of common carriers," it is necessary to allege the libellee to be a common carrier.

*In Admiralty:* Motion to dismiss, and exceptions to libel.

*George A. Davis,* Proctor for Libelant.

*R. W. Breckons,* and *Holmes & Stanley,* Proctors for Libellee.

DOLE, J.   This is a libel *in rem,* for damages for personal injuries, in which the libelant alleges that he is an articled seaman on board the American steamship Nebraskan, and that while in Honolulu last December, as the Nebraskan was lying at the wharf and the cargo being discharged, he was engaged in painting the ship and was at work on the outside of the vessel, standing in a boat, and through the carelessness of the workmen who were hoisting large iron and steel plates out of the vessel to the wharf by means of ropes and other appliances, in negligently arranging the ropes used in hoisting such plates, one of them slipped from its fastenings and fell upon this libelant while so engaged, injuring him severely, for which injuries he demands damages of three thousand dollars. He further alleges that he is without property, and therefore unable

to pay or secure costs, and that he has a good cause of action, and asks to be allowed to prosecute suit *in forma pauperis,* according to the act of Congress providing for such cases.

The American-Hawaiian Steamship Company, a corporation of the State of New Jersey, filed its claim as the owner of the libellee, and filed its motion to dismiss the action, and later, exceptions to the libel. The motion to dismiss is based on the grounds that there has been no payment or security for costs, no showing of citizenship under the act providing for suits by citizens of the United States *in forma pauperis,* no showing that all persons interested in the suit are unable to pay or secure costs, nor that the action is not brought on contingent fee. I find that the statute referred to, which is the act of July 20, 1892, 27 Statutes at Large, page 252, has been complied with, the libelant having stated that he was without property and unable to pay or secure costs, and it is further shown by the affidavit of the proctor appointed in this case, that there is no one interested in the suit able to pay or secure costs except himself, and that he is in the case under no contingent fee and is entitled to nothing from the proceedings except what fee may be awarded him by the court. I find that the allegation of his engagement as an articled seaman on board an American vessel brings him within the provisions of the act referred to, it being an established rule in American practice, corresponding with the English rule, that a sailor on an American vessel is liable to American regulations and subject to American authorities even when he is charged with the commission of a crime in foreign territory, and he also has the protection of the American laws for the time being, as if he were a citizen. " 'In every regularly documented American vessel the crew who navigate it will find their protection in the flag which is over them.' Webster's Works, Vol. 6, page 325. This rule, that the vessel being American is evidence that the seamen on board are such, is now an established doctrine of this country; and in support of it there is with the American people no diversity of opinion

and can be no division of action." *In Re Ross,* 140 U. S. 453, 479.

The exceptions to the libel are, in brief, that there is no maritime claim shown in the libel upon which an attachment should be founded; second, the allegations do not constitute a cause of action *in rem* or at all. I find that the admiralty courts of the United States have jurisdiction *in rem* for matters of tort, with the exception created by the sixteenth admiralty rule, which provides that in suits for assault the suit shall be *in personam* only. *McGrath v. Candelero,* 16 Fed. Cas. 128, (No. 8810). But as far as these two exceptions raise the point that the libelant has no claim upon the ship for injuries caused by the negligence of his fellow servants, unless the case is covered by the act relating to the liability of common carriers of June 11, 1906, (34 Stat. L., part 1, page 232), as indicated in the argument, I find that they must be allowed, there being no allegation in the libel that the libellee is a common carrier. The act referred to makes common carriers engaged in business within certain limitations liable to any of their employes for such damages as result from the negligence of any of their other employes respectively.

The third exception is that it does not appear in what the negligence charged consists, nor are any facts constituting negligence set forth. The allegation is sufficient. The fact of a plate's slipping from its fastenings while being swung from the ship to the shore, suggests negligence and puts the libellee on its defense.

The fourth exception is that the damages claimed to the amount of $3,000.00, are stated so indefinitely that an answer cannot be made to such claim. The statement of damages in connection with the allegations as to the injury is sufficient.

The fifth exception contends that the obligation of libelant to pay money to doctors is not such a damage as is recoverable in these proceedings. The ship should have furnished the necessary medical treatment for the cure of the libelant, and damage for its failure to do so may be sued for in such proceedings

as these. *Donovan v. The Willis A. Holden,* 2 U. S. Dist. Ct. Haw., 41, 49, and cases cited.

The motion to dismiss is denied, and the exceptions are overruled, except as hereinbefore allowed. The libelant is allowed one day to amend.