### BALDWIN v. GRIER BROS. CO.

#### (District Court, W. D. Pennsylvania. January 3, 1914.)

#### No. 26.

TRADE-MARKS AND TRADE-NAMES (§ 95*) — SUIT FOR UNFAIR COMPETITION — PRELIMINARY INJUNCTION.

Complainant built up a large trade in a patented miners' lamp, among the miners of a region who were largely foreigners, without much education and with little knowledge of the English language. Defendant put on the market in the same region a lamp identical in shape, having accessories of similar appearance, all packed in a box resembling complainant's in size and shape, and containing directions printed in different languages which were a verbatim copy of complainant's. The result was that defendant secured a considerable part of the trade which had previously been complainant's. *Held*, that the means used were unfair and apparently adopted to deceive purchasers, and that complainant was entitled to a preliminary injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

In Equity. Suit by Frank E. Baldwin against Grier Bros. Company. On motion for preliminary injunction. Granted in part.

Wesley G. Carr, of Pittsburgh, Pa., and James Q. Rice, of New York City, for complainant.

Joseph M. Nesbit and Brown & Stewart, all of Pittsburgh, Pa., for defendant.

YOUNG, District Judge. This is a motion for a preliminary injunction. The bill filed alleges infringement of plaintiff's reissue patent No. 13,542, and also alleges unfair competition, in that the plaintiffs have established a trade in acetylene lamps among the coal miners of this and adjoining districts, which lamps are of a peculiar and distinctive form, and are known to the trade as Baldwin lamps, and that said lamps, together with an extra carbide container and printed sheet of instructions in English and different foreign languages, and a needle

attached to a tin tag for the purpose of cleaning the lamp, have all been put up and delivered to dealers and others in a pasteboard box, and that the defendant has sold and offered for sale in this and adjoining districts acetylene miner lamps of identically the same peculiar and distinctive shape as the Baldwin lamp, placing them in a pasteboard box of the same size and shape, in which is placed an extra carbide container and a needle attached to a tin tag and a printed sheet of instructions in English and different languages, identical in form and appearance with those used by plaintiff, and has thereby usurped the trade theretofore acquired by plaintiff by the expenditure of labor and money, and is getting the trade to which plaintiff is entitled, and has fraudulently deceived the persons who desired to purchase plaintiff's lamps and the public generally. The bill thus presents two distinct grounds for relief by injunction—infringement of plaintiff's patent and unfair competition.

After a careful examination of plaintiff's patent and the evidence tending to show infringement, we are in doubt as to plaintiff's right to relief at this time upon that ground. The question of the validity of plaintiff's patent may well await the final hearing, as the patent has not yet been adjudicated. A final hearing under the new rules of the Supreme Court can be, and ought to be, reached in the near future.

As to the other question, that of unfair competition. The evidence in this case convinces us that plaintiff, at the expense of much effort and money, established a large trade among coal miners for its patented lamp. This trade was only established by plaintiff's agents coming in contact with the individual coal miners who needed and used a miner's lamp. These persons were largely men of limited education and of alien language and habits. After they became accustomed to the use of plaintiff's lamp they would naturally continue the use, and this, together with the influence their use of it had upon associates by force of example, which would induce them in turn to use the same lamp, constituted a large and valuable trade among the miners of this and neighboring states. Being persons of limited intelligence, and probably of not close observation, as well as being unacquainted with the English language, they would depend upon the shape of the lamp to guide them in purchasing. The plaintiff's lamp, known as the Baldwin lamp to the trade, is of the hour-glass shape, and readily distinguishable thereby. The defendant's lamp is identical in shape. It is not only identical in shape, but all its accessories bear such a close resemblance to the Baldwin lamp that it requires very careful inspection and examination to detect even a slight difference. It appears from the evidence that the ordinary purchaser would be easily deceived by the similarity of appearance of the Baldwin and Grier lamps, and purchase the Grier lamp believing he was purchasing the Baldwin, unless he had both lamps in view at once so that he could read the names upon them. The deception is added to when we find that the lamps are packed by the defendant in a pasteboard box resembling in size and shape the plaintiff's box; the only distinguishing feature being the printed matter on each. There is contained in the defendant's box with the lamp an extra holder, the small needle on a tin tag to clean the lamp, with a

circular in different languages to instruct the user. The defendant's circular is a verbatim copy of plaintiff's. All this convinces us that the defendant was endeavoring to get the plaintiff's trade. The evidence shows that the defendant did get the plaintiff's trade and is now enjoying the benefit of the labor and money of plaintiff.

The defense that the spark igniter attached to defendant's lamp caused the sale of the lamp is not convincing. No doubt it aided the defendant in more easily getting the trade because it was a useful addition to the Baldwin lamp. The foundation, however, of the trade had been laid by the plaintiff for the Baldwin lamp, and, as the evidence shows, almost 1,000,000 of the lamps were sold. This trade thus established belonged to the plaintiff.

After a careful and thorough consideration of the evidence, we are satisfied that the defendant has been guilty of unfair competition, and he should be restrained until the final hearing of the case for that reason.

Let an order for a preliminary injunction issue in accordance with this opinion.