# SCOTTEN *v.* LITTLEFIELD, TRUSTEE OF BROWN, BANKRUPT.

## APPEAL FROM CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 439. Motion to dismiss or affirm submitted October 13, 1914.—Decided December 14, 1914.

Bills of review are on two grounds: first, error of law apparent on the face of the record without further examination of matter of fact; second, new facts discovered since the decree, which should materially affect the decree and probably induce a different result.

An aspect of the claim involved cannot be held back when the case is presented to the court and later made the subject of a bill of review.

Although the decision of the District Court which determined the case sought to be reviewed is alleged to have been decided upon principles inconsistent with a subsequent decision by this court, the subsequent decision will not lay the foundation for a bill of review for errors of law apparent, or for new matter *in pais* discovered since the decree and requiring a different result.

213 Fed. Rep. 705, affirmed.

THE facts, which involve the principles of law upon which bills of review are granted and their application to this case, are stated in the opinion.

*Mr. Daniel P. Hays* for appellee, in support of the motion:

No appeal lies to this court from the decree dismissing the bill of review. A bill of review cannot be filed after the time to appeal has expired. At the time of filing the bill of review the time to appeal had long since expired. *Thomas* v. *Harvey,* 10 Wheat. 146.

There is no error of law apparent upon the face of the record. The decree now said to be erroneous has been affirmed by this court upon the direct appeal of and

against the attack of these appellants. *First National Bank* v. *Littlefield,* 226 U. S. 78.

The error of law must be apparent upon the face of the record and not upon evidence outside of the record. *Buffiington* v. *Harvey,* 95 U. S. 99.

The suggestion that this court has changed its rulings in regard to reclamation proceedings and cases of the kind at bar is not tenable. *Littlefield* v. *Gorman,* 229 U. S. 19, has no application to the facts presented in the case at bar, and see *First National Bank* v. *Littlefield,* 226 U. S. 78; *Schuyler* v. *Littlefield,* 232 U. S. 466.

It is no ground for filing a bill of review that the court has changed its rulings. *Tilgham* v. *Werk,* 39 Fed. Rep. 680.

*Mr. Thorndike Saunders* for appellant, in opposition to the motion:

This appeal is within this court's jurisdiction. It brings up dismissal of bill of review to modify order of denying reclamations of 300 shares U. S. Steel Co. stock. The authoritative decision on which the case was decided was subsequently reversed by this court, 229 U. S. 19, on authority of *Richardson* v. *Shaw,* 209 U. S. 365. This newly arisen fact is the basis of this bill of review. It is not new law, nor is it a change of the ruling of the Supreme Court. If this reversal had occurred before, the decision below in this case would have been different.

Appellants' claims for the Steel Company stock were severable from their claims for other stocks; they were so treated by the master and by the District Court.

Appellants' counsel meanwhile presented the appeal which was decided by the Circuit Court of Appeals and subsequently appealed from their decision to this Supreme Court.

Appellants could not trace their Steel Company shares of stock; their claims were as to stock in control of bankrupts by restoration, as in Gorman. So considering the

remedies and the situation, they preferred to rest that claim till final decision of the Gorman appeal.

Appellants joined the traced proceeds of their other stocks with the First National Bank of Princeton in their appeal to this court, and there was no waiver of these Steel Company stock claims.

In support of these contentions, see Bankruptcy Act, § 24a; *Barrow* v. *Hunton*, 99 U. S. 80; *Brown* v. *Guaranty Trust Co.*, 228 U. S. 403; *Clark* v. *Trustee*, 193 N. Y. 360; *Ensminger* v. *Powers*, 108 U. S. 292; *Fidelity Trust Co.* v. *Fed. Trust Co.*, 143 Fed. Rep. 156; *First Natl. Bk.* v. *Peavy*, 75 Fed. Rep. 155; *First Natl. Bk. of Princeton* v. *Littlefield*, 226 U. S. 41; *Genet* v. *Davenport*, 60 N. Y. 197; *Ex parte Gibbons*, 22 A. B. R. 550; *S. C.*, 171 Fed. Rep. 254; *Gorman* v. *Littlefield*, 184 Fed. Rep. 454; *S. C.*, 229 U. S. 19; *In re Graff*, 8 A. B. R. 744; *In re Ham & Co.*, 23 A. B. R. 596; *Hanrick* v. *Patrick*, 119 U. S. 156; *Hewitt* v. *Berlin Machine Wks.*, 194 U. S. 296; *Hill* v. *Chi. & Evans. R. R.*, 140 U. S. 54; *Houghton* v. *Burden*, 228 U. S. 290; *Hoffman* v. *Knox*, 50 Fed. Rep. 488; *Hutchinson* v. *Otis*, 190 U. S. 552; Loveland, Bankruptcy, 869; *Re McIntyre*, 24 A. B. R. 20; *O'Hara* v. *McConnell*, 93 U. S. 150; *Pilkinton* v. *Potwin*, 144 N. W. Rep. 39; *Re Potts*, 166 U. S. 203; *Purcell* v. *Miller*, 4 Wall. 519; Remington, Suppl., § 623; *Ricker* v. *Powell*, 100 U. S. 109; *Richardson* v. *Shaw*, 209 U. S. 365; *In re Sanford Tool Co.*, 160 U. S. 249; *Skiff* v. *Stoddard*, 63 Connecticut, 22, 25; *Ex parte Scotten*, 189 Fed. Rep. 439; *Ex parte Scotten*, 193 Fed. Rep. 25; *Re Strickland*, 21 A. B. R. 734; Street, Federal Equity, § 2146; *Re Talbot*, 181 Fed. Rep. 960; *Tilghman* v. *Werk*, 39 Fed. Rep. 682; *Williams* v. *West. U. Tel. Co.*, 93 N. Y. 162.

Memorandum opinion by MR. JUSTICE DAY, by direction of the court.

This case presents another phase of the bankruptcy of A. O. Brown & Company, stock brokers in New York.

See *First National Bank of Princeton* v. *Littlefield, Trustee,* 226 U. S. 110; *Gorman* v. *Littlefield,* 229 U. S. 19; *Schuyler* v. *Littlefield,* 232 U. S. 707. This case is submitted on the motion of appellee to dismiss, affirm, or place on the summary docket. The appellants filed a petition for reclamation in the bankruptcy court, which concerned among other stocks three hundred shares of United States Steel stock, which are now the subject-matter of this controversy. On April 20, 1911, the District Court confirmed the report of the Master, and entered an order dismissing the petitions of appellants and of some other claimants. Appellants appealed to the Circuit Court of Appeals, and that court affirmed the District Court, 193 Fed. Rep. 24. The case then came to this court, and the judgment of the Court of Appeals was affirmed, 226 U. S. 110. On August 4, 1913, the bill of review with which the present proceeding is concerned, was filed in the District Court. This was more than two years after the original order in the District Court, dismissing the reclamation proceeding, was made. The District Court dismissed the bill of review, 213 Fed. Rep. 701. That decree was affirmed in the Circuit Court of Appeals, 213 Fed. Rep. 705. Then the case was appealed here.

Both courts below put their decisions on the ground that the appeal to the Circuit Court of Appeals from the original order of the District Court in the reclamation proceedings really involved the claim for the United States Steel stock in its present aspect, and that if not presented to the Court of Appeals when there on appeal it could not be held back and made the subject of a bill of review, as is now attempted to be done. We think this decision was clearly right. Furthermore, the ground alleged for the bill of review now is, that the principles which determined the disposition of the *Gorman Case,* 229 U. S. 19 (decided May 26, 1913, a little more than two years after the decree in the District Court) reversing

the Circuit Court of Appeals in the same case, 175 Fed Rep. 769, would, had they been applied in this case, have required a different result in the District Court in dealing with the original petition in reclamation, so far as the three hundred shares of the United States Steel stock, pledged with the Hanover National Bank, are concerned.

Bills of review are on two grounds; first, error of law apparent on the face of the record without further examination of matters of fact; second, new facts discovered since the decree, which should materially affect the decree and probably induce a different result. 2 Bates' Federal Equity Procedure, 762; Street's Federal Equity Practice, Vol. 2, § 2151.

If the decision in the *Gorman Case* would have required a different result if the principles upon which it was decided had been applied in the original proceeding, which we do not find it necessary to decide, such subsequent decision will not lay the foundation for a bill of review for errors of law apparent, or for new matter *in pais* discovered since the decree and probably requiring a different result. *Tilghman* v. *Werk*, 39 Fed. Rep. 680 (opinion by Judge Jackson, afterwards Mr. Justice Jackson of this court); *Hoffman* v. *Knox*, Circuit Court of Appeals, Fourth Circuit, 50 Fed. Rep. 484, 491 (opinion by Chief Justice Fuller).

The decree of the Circuit Court of Appeals is

*Affirmed.*