## GRIER BROS. CO. v. BALDWIN et al.

(Circuit Court of Appeals, Third Circuit. April 16, 1920.)

No. 2535.

1. **Equity ⬅⟿452—Complainants held estopped to maintain bill of review.**
    Complainants in an infringement suit, who, after a decree adjudging the patent valid had been reversed by the Circuit Court of Appeals and mandate issued, delayed for a year, during which time the patent had been adjudged valid and infringed by the Circuit Court of Appeals in another circuit, in a suit brought by them, and proceedings for review were pending in the Supreme Court, and then caused decree to be entered on the mandate, one branch of which was in their favor, *held* not entitled to maintain a bill of review to reverse such decree two years later, after a decision in their favor by the Supreme Court in the other suit.

2. **Equity ⬅⟿445—Error apparent of record and new matter are the only grounds for bill of review.**
    The two and only grounds for a bill of review are: (1) Error of law apparent on the face of the record, without further examination of questions

---

⬅⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of fact; and (2) new facts, discovered since the decree, which should materially affect the decree and probably produce a different result.

**3. Equity ⊛445—Subsequent decision of Supreme Court not ground for bill of review.**

A decision of the Supreme Court, adjudging a patent valid and infringed, will not lay the ground for a bill of review of a prior decree of a District Court adjudging the patent invalid.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by Frederic E. Baldwin and the John Simmons Company against the Grier Bros. Company. Decree for complainants, and defendant appeals. Reversed.

Writ of certiorari granted by Supreme Court, 252 U. S. ——, 40 Sup. Ct. 587, 64 L. Ed. ——.

Bakewell & Byrnes, of Pittsburgh, Pa. (Brown, Stewart & Bostwick, G. H. Parmelee, G. E. Stebbins, and C. P. Byrnes, all of Pittsburgh, Pa., of counsel), for appellant.

James Q. Rice, of New York City, and James K. Bakewell, of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case, Frederic E. Baldwin and the John Simmons Company, citizens of New York state, filed a bill in equity in the court below against the Grier Bros. Company, a citizen of Pennsylvania, invoking its jurisdiction on such diversity of citizenship. The bill charged unfair competition. By the same bill, invoking jurisdiction on the ground of patent subject-matter, the same plaintiffs, being the owners of reissue patent No. 13,542 on No. 821,580, issued to said Baldwin on May 22, 1906, for an acetylene gas lamp, charged the same defendant with infringement thereof. On application for a preliminary injunction on both causes of action, the court below, in an opinion reported at 210 Fed. 560, held the cause of action for unfair competition was established, and granted the preliminary injunction prayed for. As to the second cause of action, viz. infringement of the patent, it deferred action by injunction until final hearing. On such final hearing that court, pursuant to an opinion reported at 215 Fed. 740, entered a decree, holding the reissue patent valid and infringed, and that the defendant was also guilty of unfair competition. On appeal, this court, pursuant to an opinion reported at 219 Fed. 735, 135 C. C. A. 433, affirmed the lower court's decree on the cause of action of unfair competition, but reversed it on the patent cause of action. Pursuant to this opinion, which was rendered January 22, 1915, the record, with this court's mandate, was remitted to the court below on February 24, 1915. No steps were taken in the court below by either party to enter a decree in accordance with the mandate for almost a year, when, at the plaintiffs' suggestion, the decree was entered to which we later refer.

In this intervening year, the plaintiffs were engaged in other litiga-

---

tion on this patent. They had filed a bill in the Southern district of New York, charging a third party with infringement of this patent. In this case the court on February 6, 1915, filed an opinion, reported as Baldwin v. Abecrombie & Fitch Co., 227 Fed. 455, holding the patent valid and infringed. On appeal, this decree was affirmed by the Circuit Court of Appeals of the Second Circuit in an opinion dated November 9, 1915, and reported at 228 Fed. 895, 143 C. C. A. 293, and, as we hereafter note, the case was affirmed by the Supreme Court at 245 U. S. 198, 38 Sup. Ct. 104, 62 L. Ed. 240. On December 20, 1915, the defendant in the said case presented to the Supreme Court of the United States a petition for a writ of certiorari to review the foregoing opinion, and on January 10, 1916, the Supreme Court granted such writ. 239 U. S. 649, 36 Sup. Ct. 284, 60 L. Ed. 485. Such being the situation, and the plaintiffs being, as we have seen parties to the then pending cause in the Supreme Court of the United States, they on January 5, 1916, presented to the court below a form of decree for entry in the present case in pursuance of the mandate of this court, which decree stated it was on motion of plaintiffs' counsel, and was entered on said day. As to the cause of action for unfair competition, such decree adjudged the defendant guilty of unfair competition, referred such cause of action to a master for ascertainment of damages, and granted a permanent injunction enjoining defendant from selling the lamps which constituted unfair competition. As to the patent cause of action, the decree dismissed the bill.

After this decree was thus entered on January 5, 1916, the term ended without further action, and it so remained for some two years, when on January 26, 1918, the plaintiffs filed a bill to review the decree which had been entered on their motion on January 5, 1916. The ground on which this bill of review rested was the recited decision of the Supreme Court made subsequent to the entry of the decree in the court below. The latter court, in an opinion printed in the margin,[1] sustained this contention, and held that as to the sixth para-

---

[1] While bills of review are not favored in equity, yet they have long been recognized as effective means of securing relief against decrees of the court. Their uses and their limitations in the past are well considered in the opinion delivered by Mr. Justice Baldwin, while sitting in the Circuit Court of the United States for the Eastern District of Pennsylvania, in Poole v. Nixon, 9 Pet. 765, 9 L. Ed. 305. The recognition by him of the embodiment of Lord Bacon's ordinance as part of the law in equity, which has been adopted by the Constitution of the United States, has been many times approved. That ordinance provides that "no bill of review shall be admitted, except it contain either error in law appearing in the body of the decree, without further examination of matters of fact, or some new matter which hath arisen in time after the decree," etc. In the case at bar, plaintiffs do not rely upon any new matter which has arisen after the decree, but rely upon an error of law. That error of law is charged to be the decision by the Court of Appeals of the Third Circuit, that the reissue patent aforesaid is invalid, in that the said reissue had the effect of broadening the original patent. The plaintiffs, in support of their contention that the decree was based upon an error of law, offered the decree aforesaid of the Supreme Court of the United States sustaining the decision of the court of the Second Circuit; and thereby holding, as a matter of law, that said reissue patent did not broaden the original patent.

It must be found that there was error of law as charged. In the first place,

graph of the decree of January 5, 1916, which read: "(6) That the bill of complaint herein as to infringement of reissue patent No. 13,542, in suit, be and the same hereby is dismissed"—be vacated, and that it now be decreed the said patent was valid and infringed.   Accordingly, on November 7, 1919, such decree vacating the said sixth paragraph of the decree of January 5, 1916, awarding a permanent injunction and directing an accounting, was entered.   Thereupon this appeal was taken, and the question before us is whether, under the facts and circumstances of this case, the bill to review would lie.

[1] It will be noticed, from the recital of the different steps in this litigation, that the situation is one of the plaintiffs' own creation. After the decision of this court was made, but before its mandate went down, the plaintiffs knew of the decision of the District Court in the case in the Second Circuit, but they made no request to this court to withhold its mandate.   After the mandate went down, and before

the law, as interpreted by the Supreme Court of the United States, is the law which should govern all subordinate federal courts.   In the second place, if the later decision of the Supreme Court of the United States cannot be invoked for the relief of the plaintiffs, they are in a situation not contemplated by the states when they gave authority to Congress to secure to inventors the exclusive right to their discoveries and inventions for a limited period, or by the Congress of the United States when it legislated in pursuance of such authority.   By the decision of the Supreme Court of the United States, the validity of the reissue patent may secure to the plaintiffs rights thereunder in all parts of the United States, except within the limitations of the Third judicial circuit.   Plaintiffs' rights to the invention would not be exclusive for any period within that circuit in which is embraced the great anthracite and bituminous coal fields of the state of Pennsylvania.

The plaintiffs are not seeking to correct supposed erroneous deductions or conclusions from the evidence submitted in the original case.   They set up an error of law apparent on the face of the record, without any further examination of matters of fact.   The error of law was the alleged improper application of the provisions of Rev. St. § 4916 (Comp. St. § 9461), relating to reissue of defective patents, to the reissued patent in suit.   The effect of the decision of the Court of Appeals of the Third Circuit is that the Commissioner exceeded the authority vested in him by said section; whereas, the decision of the Supreme Court aforesaid was to the effect that the Commissioner did not exceed the authority granted to him by said section.

The defendant has cited Scotten v. Littlefield, 235 U. S. 407, 35 Sup. Ct. 125, 59 L. Ed. 289, as a complete precedent which should govern the present case and require a dismissal of the bill of review.   Had the court in that case not dismissed the bill of review, there would have necessarily been a further examination of matters of fact and the consideration of a question which was held back in other proceedings and subsequently made the subject of a bill of review.   It is insisted by counsel for the defendant that in the case just cited, the Supreme Court squarely holds that a subsequent decision by it will not lay the ground for a bill of review.   To this proposition the court cannot agree.

It is objected on the part of the defendant that the plaintiffs have lost their right to file a bill of review by their failure to petition to the Supreme Court for a writ of certiorari to review the judgment of the Circuit Court of Appeals for the Third Circuit.   At that time the petition for writ of certiorari would have shown to the Supreme Court that there was involved nothing but a matter of private interest which the Supreme Court, in accordance with its practice, would probably have refused to consider.   It was not until the decision of the Court of Appeals for the Second Circuit had been made that there appeared to be a conflict between two Courts of Appeals.   The conflict between the two Courts of Appeals created a condition which, under the deci-

a decree pursuant thereto had been entered in the court below, they knew of the affirmance of the latter case by the Circuit Court of Appeals of the Second Circuit, and that the two circuits were in conflict; but they made no request to either court in this circuit to have the entry of a decree withheld. On the contrary, with knowledge that the Supreme Court had on December 20, 1915, under consideration a petition for certiorari in the case in the Second Circuit, the plaintiffs became the actors in the quiescent case in this circuit, and, without advising the court of the pendency of the matter in the Supreme Court, they prepared and on their motion had entered on January 5, 1916, the decree of dismissal, and thereafter, when the Supreme Court had on January 10, 1916, granted the certiorari, they allowed the term to end without any move to suspend, open, or vacate the said decree of January 5, 1916. Under such circumstances, and in view of the fact that the entry of the decree at once gave them affirmative relief on

sions of the Supreme Court, gave promise to the unsuccessful party in the later case, that the writ of certiorari would be granted.

In Forsyth v. Hammond, 166 U. S. 506-514, 17 Sup. Ct. 665, 41 L. Ed. 1095, we find expression by the Supreme Court of the extent of its power in certiorari, and also of its practice and intent to exercise that power sparingly, "and only when the circumstances of the case satisfy us that the importance of the question involved, the necessity of avoiding conflict between two or more Courts of Appeals, or between Courts of Appeals and the courts of a state, or some matter affecting the interests of this nation, in its internal or external relations, demands such exercise."

The plaintiffs in this case had no right of appeal from the decision in the Third circuit, and had no right to a writ of certiorari to review the decree of that court. They should not be deemed to have prejudiced their standing to maintain this bill of review, because they did not seek the remedy by certiorari which the decisions of the Supreme Court should lead them to believe would not be granted. There was no delay on the part of the plaintiffs in filing the bill after the decision of the Supreme Court which sustained the validity of the re-issued patent. There was good excuse for the prior delay in filing the bill, because of the pendency of the question before the Supreme Court of the United States.

Henry v. A. B. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880, involving certain phases of the law of patents, was decided March 11, 1912. In the case of Motion Picture Patents Co. v. Universal Film Manufacturing Company, 243 U. S. 502-518, 37 Sup. Ct. 416, 61 L. Ed. 871, L. R. A. 1917E, 1187, Ann. Cas. 1918A, 959, the decision in Henry v. Dick Company was squarely overruled by an opinion handed down on April 9, 1917. On May 21, 1917, a motion was made in the Supreme Court for leave to file a bill of review in the District Court of the United States for the Southern District of New York, in the said case of Henry v. A. B. Dick Co., which motion was granted by the Supreme Court on June 11, 1917. In that case lapse of time was not permitted to prevent administration of justice. It follows necessarily that the plaintiffs are not only entitled to maintain their bill of review, but that the decree of this court, entered in pursuance of the mandate of the Court of Appeals for the Third Circuit, in so far as it held reissued patent No. 13,544 invalid, must be vacated and set aside, and that a decree should be entered sustaining the validity of claim 4 of said reissue, and finding the defendant guilty of infringement thereof. Plaintiffs are entitled, also, to an accounting for such infringement; but such accounting should be limited so that it should not antedate the date of the filing of the bill of review, for the decision of the Court of Appeals for the Third Circuit was the law of the case between the parties, at least until proceedings were instituted to have it set aside. Such limitation, however, should not affect, in any way, the plaintiffs' rights to recover for unfair competition.

their cause of action for unfair competition, it is quite manifest that the plaintiffs themselves, of their own motion and without compulsion from any one, chose to change the status of the case by themselves causing the decree, of which they afterwards complained, to be entered. At the time they prepared and had the decree entered, they knew the situation was one where they were making possible the bringing about of just such a situation as they now complain of. Such being the facts, the plaintiffs themselves, by their own course, brought about this situation. We start with the fact that, if seeming hardship ensues, the plaintiffs, and not the laws, have brought it on themselves.

Turning, now, to their alleged right by a bill of review to relieve themselves of this self-created situation, we note the general principle that a bill of review will not lie where the decree in question was a consent one. Thompson v. Maxwell, 95 U. S. 391, 24 L. Ed. 481. Now, while the decree before us is not a decree based on a compromise or consent of the parties, yet as the entry of a decree dismissing the bill as to the patent was one in favor of the defendant, and the defendant was taking no step, it would seem that there is substantial ground for contending that, when the plaintiffs themselves took the matter into their own hands, and themselves prepared, moved, and had entered the decree which dismissed their patent bill, such voluntary action on their part, in entering the decree in favor of their adversary, was not only in form, but in substance, and by positive act on their part, a consent, and, so far as they were concerned, a consent decree.

But, passing by the voluntary consent nature of this decree, we turn to the legal question whether the subsequent decision of the Supreme Court is a ground for a bill of review. Before entering on that legal question, we note the unsettling effect such a holding would have on the whole system of patents, if a final decree holding a patent invalid can be vacated years afterwards because, in a case between other litigants, in another jurisdiction, the same patent has been adjudged valid by the Supreme Court of the United States.

Nor must we be misled by the at first sight seemingly grave situation of a patentee whose patent has in one circuit been adjudged valid by the Supreme Court, at the same time adjudged invalid by a Circuit Court of Appeals in another circuit. For such a situation is not one either created by law, but wholly by the plaintiffs not availing themselves of the opportunity the law afforded them of preventing it. For, when the Circuit Court of Appeals of the Second Circuit held this patent valid and infringed, and there was a conflict of decision between two Circuit Courts of Appeals, such situation gave the plaintiffs reasonable ground for applying to the Supreme Court for a certiorari to review the adverse decree of this court. We do not say the plaintiffs were bound to do so; we only say they could have so petitioned, and, if an anomalous situation has arisen, it is not because the law created it, nor is it a fault of our patent system, but it is one that might have been avoided by acts of commission or omission of the plaintiffs: (a) In petitioning the Supreme Court for

a certiorari in the Third Circuit case, when, on November 9, 1915, the Circuit Court of Appeals of the Second Circuit held the patent valid and infringed; (b) by applying to the Circuit Court of Appeals of the Third Circuit, when, on December 20, 1915, the Supreme Court was petitioned for a writ of certiorari, to withhold entry of its decree pending action by the Supreme Court; and (c) by the plaintiffs abstaining from entering the decree of dismissal in the lower court until the Supreme Court acted.

Such being the courses open to the plaintiffs before they procured the entry of this decree, we turn to the grave unsettling of patents which would follow if the stability and finality of a final patent decree, once made, is to be undermined by decisions subsequently made. For we are here dealing with the rights of individual litigants. Whatever effect such subsequent decisions may have on other cases and other litigants, it must not be overlooked that every question, uncertainty of litigation, or doubt as to future conduct are all centered and finally merged in the stability of a final decree, and that, such decree being entered, it becomes the settled law as between these particular litigants.

[2, 3] Such being the case, a final decree can only be set aside by a bill of review, and the principles on which bills of review rest are settled and form the bulwark of the stability of judicial decrees. The two and only grounds for a bill of review are: First, error of law apparent on the face of the record, without further examination of matters of fact; second, new facts, discovered since the decree, which should materially affect the decree and probably induce a different result. Scotten v. Littlefield, 235 U. S. 410, 35 Sup. Ct. 125, 59 L. Ed. 289. Such being the law as to bills of review, this case resolves itself into the question whether the subsequent decision of the Supreme Court on this patent at 245 U. S. 198, 38 Sup. Ct. 104, 62 L. Ed. 240, constituted one or both of such grounds. That it did not is, we think, decided by the Supreme Court itself in the case last cited, where that court had occasion to pass on the question whether its decision in the Gorman Case, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047, made subsequent to a decree of the United States District Court, was a basis for a bill of review of the later case. That contention the Supreme Court met by holding:

"Such subsequent decision will not lay the foundation for a bill of review for errors of law apparent, or for new matter in pais discovered since the decree and probably requiring a different result."

In support of that view, the court refers to Tilghman v. Werk (C. C.) 39 Fed. 680, and Hoffman v. Knox, 50 Fed. 484, 1 C. C. A. 535. These cases, which have thus been adopted as expressive of the views of the Supreme Court, are decisive of the case before us. In the Tilghman v. Werk Case, it appeared that the Supreme Court had in Mitchell v. Tilghman, 19 Wall. 287, 22 L. Ed. 125, held a decree of the lower court—

"was based upon the decision of the Supreme Court of the United States in the case of Mitchell v. Tilghman, 19 Wall. 287 [22 L. Ed. 125], holding the complainant's patent to be invalid, and that subsequently, in the case of

Tilghman v. Proctor [102 U. S. 707, 26 L. Ed. 279], the Supreme Court had changed its ruling on said patent, holding the same to be valid, and that the decision in Mitchell v. Tilghman was erroneous."

Thereupon it was sought by a bill of review to set aside the decree made before such decision, it being contended that the last decision of the Supreme Court "constitutes new matter in pais occurring since the decree, and furnished a good ground for sustaining the petition as a bill of review." Addressing itself to that question, the court said:

"The question is presented whether a change of its ruling or decision by the Supreme Court on a question of law or fact, or upon a mixed question of law and fact, constitutes such new matter as will sustain a bill of review to vacate decrees of the Circuit Court pronounced before such change was made. We think, upon principle and authority, this proposition cannot be maintained. * * * Such a rule would prolong litigation greatly, and render judicial decisions unstable in the highest degree."

In Hoffman v. Knox, supra, the Circuit Court entered a final decree, which adjudged a priority of liens pursuant to a state statute of Virginia. Subsequently this statute was held unconstitutional by the highest court of Virginia. Thereupon it was sought by a bill of review to vacate such decree on the ground of this later decision, but the court held:

"The fact that nearly 18 months after the decree of October 14, 1887, the Court of Appeals of Virginia decided these laws to be unconstitutional, for the reason stated, was not enough in itself to create error of law apparent, and justify a bill of review on that ground, or that of new matter in pais."

These two decisions, as we have seen, having been cited with approval by the Supreme Court of the United States, we are of opinion that, in deciding, as we do, that the plaintiffs had shown no ground for a bill of review, this court is following the decisions of the Supreme Court. We therefore restrict ourselves to referring to the views expressed by that court in its own language, in Scotten v. Littlefield, supra, and to its language by adoption in Tilghman v. Werk, and Hoffman v. Knox. And if we are right in so reading those decisions, we are warranted in refraining from discussing other decisions and text-books bearing on this question.

In accordance with these views the decree entered below on November 7, 1919, will be vacated, and the decree entered by the court below on January 5, 1916, will be reinstated.