354

## THE FREDERICK DER GROSSE.
## THE TEXAS.

District Court, S. D. New York. December 3, 1929.

Charles H. Tuttle, U. S. Atty., and Charles E. Wythe, Sp. Asst. U. S. Atty., both of New York City, for libelant.

T. K. Schmuck, of New York City, for respondent.

GODDARD, District Judge. This matter comes before the court on exceptions of the respondent, the Texas Company, to a libel of review filed by the libelant, the United States of America.

### Facts.

On November 17, 1921, Congress passed a special act authorizing the owners of the steamship Texas to bring suit against the United States of America in the District Court of the Southern District of New York under and in compliance with the rules of said court, sitting as a court of admiralty, to determine the controversy arising out of a collision between the steamship Texas and the United States steamer Frederick Der Grosse, which occurred in New York Harbor on September 3, 1917, "and to enter judgment or decree for the amount of the legal damages sustained by reason of said collision if any shall be found to be due either for or against the United States upon the same principle and measure of liability, with costs as in like cases in admiralty between private parties with the said rights of appeal." On January 17, 1922, the Texas Company, the owner of the Texas, filed its libel in this court, and on March 5, 1925, that case was tried and resulted in a decree in favor of the Texas Company, libelant in that suit. On January 29, 1926, after the damage sustained by the Texas had been stipulated between the parties, a final decree was entered in favor of the Texas Company for the amount of such stipulated damages, namely, $12,918.74, and also interest at the rate of 6 per cent. per annum from September 3, 1917, the date on which the collision occurred. (D. C.) 11 F.(2d) 981. An appeal was taken from said decree by the United States of America to the Circuit Court of Appeals upon the sole question of allowance of said interest, which decree was affirmed by the Circuit Court of Appeals. 16 F.(2d) 948. Thereafter application was made by the United States of America to the Supreme Court for a writ of certiorari to review the findings of the Circuit Court of Appeals, and said application for certiorari was denied by the Supreme Court on May 31, 1927. 274 U. S. 752, 47 S. Ct. 765, 71 L. Ed. 1332. On November 19, 1928, after the expiration of the term in which said final decree of mandate was entered, the Supreme Court rendered its opinion in the case of Boston Sand & Gravel Co. v. United States, 278 U. S. 41, 49 S. Ct. 52, 73 L. Ed. 170, in which it held that where a private act of Congress allows a suit against the United States for collision interest may not be awarded against the United States unless it is specially provided for in the act. Some ten months thereafter, namely, on September 12, 1929, the United States filed this petition for review, although the final decree of the mandate of the Circuit Court of Appeals was filed on January 31, 1927, and the application for certiorari was denied by the Supreme Court on May 31, 1927. The Texas Company was unable to collect from the government upon its judgment, for, of course, execution against the United States does not lie, and the decree still remains unsatisfied. The purpose of this libel of review is to have the said decree "amended or reformed so as to exclude the allowance of interest" on the ground that its allowance "is contrary to the law as stated by the Court in its said opinion (Boston Sand & Gravel Co. v. United States, supra."

Libels of review are rare, and they seem to have been adopted from and are somewhat akin to a bill of review in equity. The Co-

lumbia (D. C.) 100 F. 890; The New England, 18 Fed. Cas. 52, No. 10,151; Snow v. Edwards, 22 Fed. Cas. 726, No. 13,145; McGrath v. Candalero, 16 Fed. Cas. 128, No. 8,810.

■ From an examination of the cases, it appears that few libels of review have been entertained from the early history of the federal courts down to the present time, but that a libel of review will lie when there exist: (1) Errors of law apparent on the face of the records; or (2) new facts discovered since the decree which should materially effect the decree and probably induce a different result; or (3) fraud in the entering of the decree affecting the rights of the petitioner. Scotten v. Littlefield, 235 U. S. 407, 35 S. Ct. 125, 59 L. Ed. 289; Snow v. Edwards, supra; The New (England, supra; Hall v. Chisholm (C. C. A.) 117 F. 807; The Columbia, supra; Jackson v. Munks (C. C.) 58 F. 596, affirmed (C. C. A.) 66 F. 571; Hoffman v. Knox (C. C. A.) 50 F. 484; Northwestern Car Co. v. Hopkins, 18 Fed. Cas. 391, No. 10,334; 2 Foster's Federal Practice (6th Ed.) § 447, p. 2180; 1 Corpus Juris, p. 1343. Neither of the three above-mentioned situations is presented in this libel of review.

■ A subsequent decision establishing a rule of law contrary to that applied in a case sought to be reviewed is not a newly discovered matter of fact or such error of law apparent on the face of the record as will sustain a libel of review. "If the decision in the Gorman Case [229 U. S. 19, 33 S. Ct. 690, 57 L. Ed. 104] would have required a different result if the principles upon which it was decided had been applied in the original proceeding, which we do not find it necessary to decide, such subsequent decision will not lay the foundation for a bill of review for errors of law apparent, or for new matter in pais discovered since the decree, and probably requiring a different result. Tilghman v. Werk [C. C.] 39 F. 680 (opinion by Judge Jackson, afterwards Mr. Justice Jackson of this court): Hoffman v. Knox, circuit court of appeals, fourth circuit, * * * 50 F. 484, 491 (opinion by Chief Justice Fuller)." Scotten v. Littlefield, 235 U. S. 407, at page 411, 35 S. Ct. 125, 59 L. Ed. 289; John Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475. Also: "A new trial will not be granted on the ground of a trial decision of the Circuit Court inconsistent with that given." Thomassen v. Whitwell, 23 Fed. Cas. 1009, No. 13,930.

It would be a remarkable situation and lead to a very great uncertainty and confusion, where a final decree or judgment has been docketed and the term of the court in which such judgment or decree was entered had expired and an appeal disposed of, if that judgment or decree could be reopened because in a later case the law applied by that court, or by an appellate court in another case, differed from that applied to the one where the judgment had been entered.

Accordingly, the exceptions to the libel of review are sustained and the libel dismissed.