## Case No. 10,334.

NORTHWESTERN CAR CO. v. HOPKINS et al.

[4 Biss. 51;[1] 5 Am. Law Reg. (N. S.) 44.]

Circuit Court, N. D. Illinois. Oct. Term, 1865.

ADMIRALTY — PETITION FOR REVIEW—WHEN MAY BE FILED.

A petition for review, filed after the term at which the decree was rendered, and after it had been executed, will be entertained by a court of admiralty, when actual fraud is charged, and

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the libellant is without fault, and would otherwise be without remedy.

[Cited in Re Dupee. Case No. 4,183; Snow v. Edwards. Id. 13,145; Jackson v. Munks, 58 Fed. 599.]

[In review of the action of the district court of the United States for the Northern district of Illinois.]

In admiralty. This was a petition for review, charging actual fraud, and setting up that the libellant was without fault, and would be without remedy unless his petition were allowed. Respondents [John W. Hopkins and others] demurred on the ground that the petition was not filed until after the term at which the decree complained of was rendered, and that the decree had been already executed.

Scammon, McCagg & Fuller, for petitioner.

Robert Rae and John A. Jameson, for respondents.

DAVIS, Circuit Justice. This petition presents this question: Has a court of admiralty a right to entertain a petition for review after the term has passed, and after the decree has been executed? The right is denied, and chiefly on the ground of a want of precedent. The authority of precedent is very strong, but not always conclusive. I can perceive no good reason why a court of admiralty, in a proper case, should not exercise the power of reviewing its own proceedings. It may be necessary for the proper administration of justice, and especially in cases where important rights are adjudicated without personal notice, which is permitted under our rules. The court could not entertain a petition on the grounds of mere oversight or neglect. But where actual fraud is charged, and the petitioner is without fault and without remedy, it would be a denial of justice to dismiss it.

Lord Stowell and Judges Story and Sprague all thought that there were cases in which petitions for review should be retained, although conceding the absence of precedent. Judge Story said that "where, by after-acquired evidence, it were plain that the merits had not been considered, it was right to entertain a bill for review." The New England [Case No. 10,151]. The remedy by petition for review, in the case before the court, is a proper one, and the demurrer will be overruled.

NOTE. The cases referred to as containing the opinions of Lord Stowell and Justices Story and Sprague, are: The Fortitudo, 2 Dod. 58; The New England [supra]; and Janvrin v. Smith [Case No. 7,220],—in which cases it was held that the power of granting a review by libel in the nature of a bill of review is not limited to the term at which the original decree was rendered.

In the case of The Martha [Case No. 9,144], however, Judge Betts ruled that the court had no right to reverse a decree, subsequent to the term at which it was entered, and that a re-

hearing could not be granted except with the free consent of all parties to be affected by it.

Consult. also, The Monarch. 1 W. Rob. Adm. 21; 2 Conk. Adm. 360, 367; The Enterprise [Case No. 4,497].