## BUSH TERMINAL CO. v. DAVIS, Agent, et al.

(District Court, S. D. New York. November 29, 1926.)

**1. Admiralty ⟜94—Libel of review may be entertained, in absence of other remedy, where party without fault has been deprived of his day in court.**

While a bill or libel of review is not a common procedure in admiralty, it may be resorted to in unusual cases, where a party without fault on his part has been deprived of his day in court.

**2. Admiralty ⟜34—Libel of review held not barred by limitation which would have barred original suit (Transportation Act 1920, § 206 [a], being Comp. St. § 10071¼cc).**

In a suit in admiralty under transportation Act 1920, § 206 (a), being Comp. St. § 10071¼cc, against the federal agent for damages arising out of the government operation of a railroad system, respondent served a copy of his answer, with notice that the original had been filed, but through inadvertence it was not filed. Libelant's proctors noticed the case for trial, but, as no answer was on file, it was not placed on the trial calendar, but with many others on a special calendar of cases not at issue, and was dismissed by the court for want of prosecution. Libelant's proctors did not know of the dismissal until after the term and time for appeal had passed. Held, that the court would entertain a libel of review, that it was in effect a new suit, and, while involving the same matters as the original suit, it was not one arising out of the operation of the railroad, and was not barred by the two-year limitation of the statute.

In Admiralty. Suit by the Bush Terminal Company against James C. Davis, as Agent, etc., and Andrew C. Mellon, his successor in office. On motion by respondent to dismiss libel of review filed by libelant. Denied.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City, for respondents.

WINSLOW, District Judge. This is a motion made by the respondent, appearing specially by counsel and solely for the purposes of the motion. The action is a "libel of review." The motion is made to dismiss the libel of review, on the ground that it is barred by statutory limitation.

It appears that heretofore, and in or about October, 1921, the libelant filed its libel in admiralty against James C. Davis, as Agent, etc., to recover the sum of $6,200 damages alleged to have been caused by a collision between a steam tug operated by Davis, as Agent, etc., and libelant's float No. 32.

[1, 2] Davis, as Agent and Director General, etc., appeared by his attorneys, and on January 10, 1922, served a copy of his answer; said service of answer being accompanied by a notice that the original answer had been duly filed in the office of the clerk of this court. The notice of filing of the original with the clerk was an error, undoubtedly honestly made. The answer was not filed in accordance with the notice, and never has been filed. Thereafter the libelant in the admiralty action duly served a notice of trial on proctors for respondent. But the cause was never put on the admiralty trial calendar, because the clerk did not find any answer on file, and, according to the records of this court, the case was not at issue.

On May 21, 1925, pursuant to order of this court, a special admiralty calendar was called of cases not at issue, and in which no proceedings had been taken for over one year. This calendar contained upwards of 500 cases. Owing to the fact that there was no answer on file in the case, it appeared on this special calendar. The case was called in due season, and dismissed on the court's own motion. On May 25, 1925, an order was entered, dismissing the cause for want of prosecution, without prejudice and without costs.

In or about January, 1926, respondent's proctors notified libelant's proctors, verbally, of the order of dismissal, which verbal notice conveyed the first knowledge to libelant's proctors of the dismissal of the case. The time to appeal to the Circuit Court of Appeals had expired. Application was made to a judge of this court to open and set aside the order of dismissal; but the court held that, as the term during which the decree had been entered had then expired, the court was without power to grant relief. This latter order not being appealable, the libelant herein brings this libel of review.

The original action was brought under the so-called Transportation Act of 1920—Comp. St. § 10071¼cc, subds. (a), (b). It is apparent that the original action, although instituted within the two-year period, would now be barred, if suit were now brought. The respondent contends that this bill of review is practically the same as the original admiralty action, and that section of the Transportation Act applies:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier; except that actions to enforce awards made by the commission under the provisions of subdivision (c) against the agent so designated by the President may be brought within one year after the date of the commission's award." Section 10071¼cc, subd. (a), U. S. Comp. St. 1925 Supp.

The libelant was not negligent in not discovering his cause among the 500 on the special calendar for dismissal owing to lack of prosecution. There was no reason for him to scrutinize this calendar for this case. The trouble results from the failure of the respondent to file his answer, coupled with the service of a notice incorrectly stating that it was filed. The court does not doubt that the service of the notice of filing was due to the inadvertence or negligence of some employee.

The bill of review was unknown to the common law, and has been apparently borrowed from courts of equity. While it is not a common procedure, it has been resorted to on occasion, where the processes of the court have been abused, or where a tortious purpose

has been effected and no other remedy exists. While, naturally, the review arises out of and involves the same matters as were in controversy in the original suit, it is in effect a new action. Although this is a "proceeding in admiralty," it does not arise out of the "operation" of a railroad by the President. See 34 Cyc. p. 1696, and cases cited.

If this be true, the bill of review is not barred by the two-year statute of limitation. Such authorities as I am able to find agree that it should be resorted to only in most unusual cases, and is not permitted, except in the absence of other remedy. While there has been no fraud in this case, as we use that term, the circumstances do not impute to the libelant any act or omission whatever on his part which in good conscience should deprive him of his day in court. The remedy has been discussed at length by Judge Thomas in The Columbia (D. C.) 100 F. 890, citing many cases. While that case depended upon the allegation of fraud, which is absent in the present case, I agree with Judge Thomas, paraphrasing his language, that it would be an intolerable rule that disabled this court, upon proper suggestion made to it, from disturbing a decree which had deprived a litigant, without any fault of his own, from his day in court. No usual limit of time should embarrass the court in suitably correcting a decree.

For the reasons stated, the motion to dismiss the libel will be denied. The respondent is directed to answer the libel of review.