NEW YORK HARBOR DRY DOCK CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 192.

**Maritime liens ⬥30—Reconditioner of vessel under charter from United States, having knowledge or opportunity of knowing facts, held not entitled to lien (Suits in Admiralty Act [Comp. St. §§ 1251¼–1251¼l]).**

Where libelant, having knowledge of or opportunity of knowing facts, reconditioned steamship belonging to United States under charter to steamship company, which as intending purchaser had contracted with government to pay for reconditioning, held, that libelant was not entitled to enforce payment by United States on charterer's insolvency, in suit under Suits in Admiralty Act (Comp. St. §§ 1251¼–1251¼l), and was not entitled to lien on vessel.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the New York Harbor Dry Dock Corporation against the United States. From a decree dismissing the libel (14 F.[2d] 698), libelant appeals. Affirmed.

Duncan & Mount, of New York City (Cecil Page and Russell T. Mount, both of New York City, of counsel), for appellant.

Emory R. Buckner, U. S. Atty., of New York City (Walter Schaffner, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

PER CURIAM. Libelant repaired and reconditioned a steamship belonging to the United States, but at the time under charter to United States Mail Steamship Company, Inc., a corporation now insolvent if not defunct. The charterer was an intending purchaser, and had agreed with the United States as owner to pay for the expected reconditioning. Knowing or having the opportunity of knowing these facts, libelant contracted in writing with charterer for the said repairs and reconditioning, and, not having been paid in full, brought this suit under the Suits in Admiralty Act (Comp. St. §§ 1251¼–1251¼l) to enforce payment by the owner.

We perceive no material difference between the facts at bar and those in Morse, etc., Co. v. United States (C. C. A.) 1 F.(2d) 233; and under United States v. Carver, 260 U. S. 482, 43 S. Ct. 181, 67 L. Ed. 361, there can be no lien.

There is a strong moral obligation upon the government to pay this admittedly just claim, but there is no legal liability.

Decree affirmed, without costs.