## UNITED STATES v. STANLEY & PATTERSON, Inc.

District Court, S. D. New York.
Aug. 1, 1935.

F. W. H. Adams, U. S. Atty., of New York City, and William E. Collins, Sp. Asst. to U. S. Atty., of New York City, Charles J. Carroll, Asst. Admiralty Counsel, U. S. Shipping Board Merchant Fleet Corporation, of Washington, D. C., for the United States.

William H. O'Hare, of Brooklyn, N. Y. (James N. Senecal, of New York City, of counsel), for respondent.

GODDARD, District Judge.

This is a libel of review filed by the United States of America to review and vacate a final decree in admiralty entered in this court on January 3, 1924, in favor of the present respondent, Stanley & Patterson, Inc., against the United States of America in the sum of $4,466.70.

The original libel filed on September 13, 1921, by Stanley & Patterson, Inc., against the United States of America was to recover the total sum of $8,194.12 as the agreed value of electrical supplies and equipment furnished by Stanley & Patterson, Inc., in June, July, and August, 1931, to the following named vessels owned by the United States: · Pocahontas, Potomac, America, Princess Matoika, Susquehanna, Hudson, George Washington, Old North State, and Centennial State, and the .libel alleges that the electrical supplies and equipment ·were furnished to these vessels "at the request of master, agent or owners." The libel in the suit was duly served upon the Attorney General and the United States Attorney in accordance with the provisions of the Suits in Admiralty Act, but no answer to the libel was filed by the United .States. Subsequent to the filing of the libel, the United States paid to Stanley & Patterson, Inc., $2,646.54 to cover the equipment and supplies furnished by Stanley & Patterson, Inc., to the Hudson, Old North State, and Centennial State, which the United States conceded were then being operated for the government by the United States Mail Steamship Company, and which also covered part of the cost of the equipment furnished by that company to the George Washington and the America.

On November 6, 1923, there was entered upon default an interlocutory decree with an order of reference to the late Henry E. Mattison, Esquire, as special commissioner to take proof of the damages. On December 31, 1923, the commissioner, after taking proof of the libelant's damages, made and filed his report in which he found that $4,466.70 was due Stanley & Patterson, Inc., for equipment supplied by that company to the Pocahontas, Potomac, America, Princess Matoika, Susquehanna, and George Washington, and on January 3, 1924, a final decree was entered in this court against the United States of America in that amount without provision for interest. The then Assistant United States Attorney, who took charge of the case on March 7, 1923, states in an affidavit that he had no knowledge that any of the proceedings subsequent to the filing of the libel had been taken until some six months after the final decree had been entered (this would be about July, 1924, and after the term of court in which the decree had been entered had expired), at which time one of the proctors for the libelant called upon him and requested that the amount due under the decree be paid. In July, 1930, proctors for Stanley & Patterson, Inc., made their first formal written demand for payment upon the United States, although it appears upon the face of this written demand that other oral demands had been made to the then Special Assistant to the United States in charge of the case. No steps were taken by the government to vacate

the decree until June, 1931, when this libel of review was filed.

■ The usual grounds for entertaining a libel of review are (1) errors of law apparent on the face of the records; or (2) new facts discovered since the decree, which should materially affect the decree and probably induce a different result; or (3) fraud in the entering of the decree affecting the rights of the petitioner. The Frederick Der Grosse (D. C.) 37 F.(2d) 354, 355.

The government urges two grounds for sustaining this libel of review: (1) Errors of law apparent upon the face of the records; (2) fraud in the entry of the decree.

■ As was stated in Hall v. Chisholm et al. (C.C.A. 6) 117 F. 807, 810:

"A court of admiralty may entertain a libel of review to correct its decree after the expiration of the term, where the petitioner is shown to be free from fraud or negligence in the matter, and the entering of the decree shows such fraud, or its equivalent, in effect, upon the rights of the petitioner, as to require the remedial action of the court upon principles of justice."

The opinion in Hall v. Chisholm, supra, also refers to the fact that no laches could be charged to the libelant in the case indicating that laches on the part of the petitioner should be considered by the court in exercising its discretion as to whether a libel of review should be entertained.

■ The evidence in the case at bar does not support either of the two contentions urged by the government. There were no errors of law apparent on the face of the records, for the libel in the admiralty suit did allege a cause of action. Its allegations made out a prima facie case entitling the libelant to a decree. It alleged that the United States owned the vessels and that the supplies were furnished to them by the libelant "at the request of the master, agent or owners." The libel was based upon the establishment of a lien upon the respective vessels. It is true that if the proof now tendered by the government had been offered upon a trial that, in the light of the decisions in other cases, the libelant would not have obtained a decree, but the government did not avail itself of its right to offer in evidence upon trial the charter parties under which the United States chartered the vessels to the United States Mail Steamship Company, which were bare boat charters and provided that the charterer shall not subject the vessels to any liens. So far as the record shows, the libelant was unaware of the terms of these charter parties.

It may be added that upon the trial of suits where other contractors had sued the government for supplies furnished under a similar state of facts, it was held that the United States was not liable and the Circuit Court of Appeals took occasion upon affirming the District Court to say: "There is a strong moral obligation upon the government to pay this admittedly just claim, but there is no legal liability." New York Harbor Dry Dock Corporation v. United States, 18 F.(2d) 778, at page 779; Id. (D.C.) 14 F.(2d) 698.

On August 15, 1921, the United States Mail Steamship Company went into receivership and the United States turned over the vessels, for which the electrical equipment had been furnished by Stanley & Patterson, Inc., to its own operating companies so that the government has had the benefit of the equipment. The government does not claim that there is any newly discovered evidence, and it appears that at the time the original libel was served and the decree entered it was in possession of all the facts it now alleges.

In view of the above, I think it would be an unfair exercise of the discretion vested in the court to vacate the decree. The government has made no move to set aside the decree until June, 1931, although in July, 1924, it knew that the decree had been entered against it. It is not shown to be "free from negligence" in the matter.

"When the United States comes into Court to assert a claim it so far takes the position of a private suitor as to agree by implication that justice may be done with regard to the subject matter." United States v. The Thekla, 266 U.S. 328, page 339, 45 S.Ct. 112, 113, 69 L.Ed. 313. See, also, United States v. Barber Lumber Co. (C.C.) 169 F. 184; United States v. Beebee (C.C.) 17 F. 36.

The Suits in Admiralty Act (title 46, USCA § 743) specifically provides that such suits shall proceed and be deter-

mined according to the principles of law and other rules of practice obtaining in like cases between private parties.

To vacate this decree now would unduly prejudice the rights of the libelant who might, had the government moved promptly, have proceeded against the United States Mail Steamship Company. There is no evidence of any fraud in the entry of the decree.

Libel of review is dismissed.