## THE A. J. MEERWALD.

### No. A—8346.

District Court, D. New Jersey.

Nov. 20, 1940.

Louis B. LeDuc, of Camden, N. J., and James H. Molloy, of Philadelphia, Pa., for libellants.

Howard M. Long, of Philadelphia, Pa., for claimant and respondent.

AVIS, District Judge.

A libel for review of a decree of this court directing sale of Schooner A. J. Meerwald to answer certain wage claims was filed by L. B. Sharp, Thurston & High, D. S. Powell & Company, B. Campbell, Hinson's Market, R. C. Gates, and Jackson & Sockwell, alleging that each of said libellants had a lien on the schooner under the maritime laws of the United States, and that the prior proceedings were void because of alleged conspiracies and improper proceedings, and praying that the decree be opened, that sale of the schooner under the prior decree be held to be void and of no effect, and that all parties be restored to the status quo at the time of the filing of the libel and issuance of process in the prior proceedings.

After consideration of the testimony, I find as facts:

(1) Prior to June 6, 1935, William A. Meerwald, Augustus C. Meerwald, and Augustus J. Meerwald, trading as A. J. Meerwald & Sons, were the owners of the Fishing Schooner A. J. Meerwald.

(2) On June 6, 1935, Francis X. Meerwald and Edward J. Meerwald filed in this court their libel against the Schooner A. J. Meerwald for claimed wages due to them for services rendered; one as a deck hand and the other as engineer.

(3) On June 6, 1935, a monition was issued, directed against the A. J. Meerwald, her tackle, &c., and all persons lawfully intervening, &c., and directing the Marshal to attach the aforesaid vessel and to give notice to all persons claiming the same or knowing or having anything to say why the same should not be condemned and sold pursuant to the prayer of the libel, and that they be and appear before the court at Trenton on July 5, 1935, to interpose claim for same, &c.

(4) No claims or defenses of owners were filed against the libel, and no intervening or other libels were filed against the schooner.

(5) Endorsed on said monition is the return of the Marshal certifying that on June 7, 1935, by his deputy, he attached the Schooner A. J. Meerwald, and that notice had been given to all parties claiming the same, that the matter would be tried on July 5, 1935, and further that on said June 7, 1935, he had served a copy of the monition and libel on A. J. Meerwald.

(6) The schooner was attached at or near South Dennis, Cape May County, New Jersey, lying in Dennis Creek.

(7) The record in the clerk's office does not show any proof of advertising or posting of notice of attachment of the schooner in any place or at any time. The testimony of the deputy marshal shows only that copy of libel and monition was posted on the boat and service made on A. J. Meerwald.

(8) It further appears by exhibits offered at the trial that a notice of the attachment of Schooner A. J. Meerwald at the suit of Francis X. Meerwald, et al., was published in the Cape May Star and Wave, a newspaper published at Cape May, New Jersey, in its issues of June 20, 1935, and June 27, 1935. This notice stated generally that the seizure was made for claims set forth in the libel pending in the United States District Court and calling upon interested parties to appear at Trenton on July 5, 1935. The notice did not contain or set out the substance of the libel.

(9) The Cape May Star and Wave was a newspaper published near the place of seizure.

(10) South Dennis was the home port of the schooner and the fact that the vessel was attached in Dennis Creek near the village aforesaid is not in itself indicative that the vessel had been removed from Maurice River in pursuance of a conspiracy or any indication of an act tending to deceive the other creditors of the schooner.

(11) No claim was made to the court by any owner or other interested party, and no subsequent libels or interventions were filed.

(12) Upon the default an order of reference was made to Wynn Armstrong, United States Commissioner, to take the testimony and proofs and determine the respective amounts due to the libellants. The Commissioner reported upon, and returned, the testimony taken before him, and certified that the amount due to Francis X. Meerwald was the sum of $7,220 and the amount due Edward J. Meerwald was the sum of $3,935. This report was filed July 31, 1935.

(13) On July 5, 1935, an interlocutory decree was entered, which, among other

things, directed the Marshal to sell the schooner and make report thereof on July 26, 1935.

(14) Venditioni exponas was issued July 5, 1935, and thereunder the Marshal advertised the schooner for sale at public vendue on July 23, 1935. The proofs show that proper notices of sale were posted on the boat and five other notices in different parts of Cape May County.

(15) At the sale the schooner, her tackle, &c., was struck off and sold to Texas-Pacific Realty Company for the sum of $1,500.

(16) The Marshal reported the sale to the court by report dated July 26, 1935, and the order confirming said sale was made by the court on July 27, 1935.

(17) After the filing of the Commissioner's report, the court on August 6, 1935 entered a final decree distributing the proceeds of sale as follows:

| | |
|---|---|
| Clerk of the court | $ 25.00 |
| U. S. Marshal | 74.64 |
| U. S. Commissioner | 30.00 |
| Willard M. Harris (proctor's costs) | 26.50 |
| Libellant Francis X. Meerwald | 869.80 |
| Libellant Edward J. Meerwald | 474.06 |

The total paid to libellants was $1,343.86.

(18) The Texas-Pacific Realty Company, the purchaser of the schooner at the sale, was a straw party controlled by Benjamin M. Cohen, who himself put up $700 of the purchase money. The balance $800 was paid to Cohen by Francis X. Meerwald; the total amount $1,500 being paid to the Marshal by Cohen. The $800 was obtained from a sister of Francis and Edward.

(19) At the time of sale of the schooner, 20 to 30 people were on the dock where the schooner was located.

(20) On August 5, 1935, respondents William A. Meerwald and Augustus C. Meerwald were in the office of Mr. Molloy in Philadelphia, endeavoring to adjust claims of clients of Mr. Molloy against the Schooner A. J. Meerwald. Mr. Molloy wanted 25% in settlement of the claims he represented; the Meerwalds offered to raise 10%. They did not tell Mr. Molloy that the schooner at that time had been sold by the United States Marshal in a suit instituted by their younger brothers Francis and Edward. They claimed in their testimony, however, that Mr. Molloy did not give them the opportunity of making a full explanation, and that he indicated that he knew the brothers had a prior lien for wages.

(21) On October 4, 1935, Benjamin M. Cohen, who controlled the Texas-Pacific Realty Company, sold the schooner to Florence B. Meerwald, wife of William A. Meerwald, and Edna Meerwald, wife of Augustus C. Meerwald, for the sum of $1,700, $200 thereof being paid in cash; $800 by note for the benefit of Francis X. and Edward J. Meerwald, who had advanced that much of the purchase price to Mr. Cohen, and the balance $700 was secured to Mr. Cohen by a chattel mortgage executed to the Texas-Pacific Realty Company.

## Conclusions of law.

■■■ The libellants conclude from the facts adduced that it was illegal to sell the vessel at or near South Dennis in Dennis Creek. Under the testimony, I think this claim is not well founded. It was the home port of the schooner, and unless it appears that there was a fraudulent design to conceal her whereabouts to the detriment of lienors and a fraudulent agreement proven that the schooner should be there libeled, it would not be sufficient to charge all of the interested parties with a conspiracy. An alleged fraud must be proven to justify relief and can never be presumed. Of course, circumstances may prove a fraud, but the circumstances must be convincing and satisfy the court to a reasonable certainty.

■ I cannot so determine from the facts developed. Some of the circumstances are suspicious, but a finding of fraud cannot be based upon suspicion.

■ The one distinct legal question raised is a charged failure of the Marshal to set up notice of seizure near the place of trial in accordance with 28 U.S.C.A. § 736 and Admiralty Rule 4 of this court. Ordinarily, this rule should be strictly followed. It appears, however, that the libellants in the instant case, or some of them, had notice in the early Fall of 1935 that the schooner had been sold and took no action to review until April 28, 1936, when the libel in the instant case was filed. The sale to the wives of William and A. C. Meerwald was not until October 4, 1935, and prompt investigation after receiving intimation of sale would have developed the whole

circumstances, including the sale of the schooner.

Under the circumstances of this case, the failure to act earlier constituted laches and does not require the strict enforcement of Rule 4.

■ The issuance and service of a monition is a notice to all the world, and all parties having an interest in the res are bound by the decree. See Sections 231 and 296, Benedict on Admiralty, 5th Ed.

In the principal case cited by the proctor for libellants, The Columbia, D.C., 100 F. 890, it appeared that there had been a fraudulent proceeding against a part owner, and involved all parties taking part in the proceedings and sale.

The following statement of the law by Judge Story in the case of The New England, Fed.Cas.No.10,151, is cited with apparent approval: "But, upon the most careful reflection which I have been able to bestow upon it, the result to which I have brought my mind is that, if the district court has a right to entertain a libel of review in any case, it must be limited to very special cases, and either where no appeal by law lies, because the matter is less in value than is required by law to justify an appeal, or the proper time for any appeal is passed, and the decree remains unexecuted, or where there is clear error in matter at law, or, if not, where the decree has been obtained by fraud, or where new facts, changing the entire merits, have been discovered since the decree was passed." 100 F. 890, 892.

■ I am persuaded that the Court should move very slowly to open its former decree, except upon clear proof of right to relief which will ultimately be beneficial to libellants.

■■ A sale may be set aside by reason of the inadequacy of the consideration. I am not sure under the testimony that the amount for which the schooner was sold was so small as to shock the conscience of the court, but the objection comes very late, and the amount found to be due the original libellants was large enough to consume any additional valuation.

■ The proofs are not sufficient to justify the Court in sustaining the claims of the libellants for review, and their libel must therefore be dismissed.