HEFFERN v. THE DE WITT CLINTON et al.

THE SUPREME.

District Court, S. D. New York.

April 22, 1942.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for libellant.

Haight, Griffin, Deming & Gardner, of New York City (James McKown, Jr., of New York City, of counsel), for claimant.

RIFKIND, District Judge.

Motion by libellant for an order vacating an order of dismissal and restoring the case to the admiralty calendar.

The libel stated a claim for damages allegedly sustained by the barge "Supreme" on August 10, 1939, as a result of excessive swells or suction caused by the passing steamer De Witt Clinton. Issue upon the libel was joined on February 11, 1941.

Annexed to the claimant's answer were interrogatories addressed to libellant. On February 24, 1941, libellant excepted to certain of the interrogatories but answered none. The hearing on the exceptions was adjourned from time to time on libellant's request. On May 27, 1941, with the consent of libellant, an order was made directing that the exceptions be marked withdrawn and that libellant serve his answers to the interrogatories within three weeks after notice of entry of the order. Such notice was given on May 28, 1941. There was no compliance with the order.

In July, 1941, claimant moved for a dismissal of the libel for failure to comply with the order. After several adjournments on request of libellant, the motion was granted on default and an order dismissing the libel was made on September 12, 1941.

The affidavit of libellant's attorney states that the order of dismissal was made without prejudice. There is nothing in the order to support that assertion.

Libellant's present motion is supported only by the affidavit of his attorney. He assigns as the reason for libellant's default in responding to the interrogatories that libellant was constantly engaged on board his barge on the New York State Barge Canal until the canal closed for the season. No reason at all is assigned for the considerable delay which has occurred since the closing of the canal.

Claimant challenges the power of the court to grant the requested relief on the ground that the term of the court in which the order of dismissal was made had expired before the instant application was made. See Rule 6, General Rules of this Court.

I am of the opinion that the application must be denied. United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L. Ed. 129; United States v. Sterling, 2 Cir., 1934, 70 F.2d 708.

"In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. * * * There are certain exceptions". United States v. Mayer, supra, 235 U.S. at page 67, 35 S.Ct. at page 19, 59 L. Ed. 129.

One group of exceptions to the general principle recited by the Supreme Court is now codified in Rule 60, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule is, of course, not applicable in admiralty; Rule 81. But even if by analogy we were to import that rule into the admiralty practice it would not avail the libellant. His difficulty does not arise from clerical mistake; nor is it the result of his own mistake, inadvertence, surprise, or excusable neglect.

Another exception to the general principle is the libel of review, available in admiralty. The Columbia, D.C.E.D.N.Y. 1900, 100 F. 890; Hall v. Chisholm, 6 Cir., 1902, 117 F. 807; The Hewitt, D.C.S.D. N.Y., 1926, 15 F.2d 857.

But the facts of the case at bar fall far short of the requisites of a libel of review. Where the challenged decree is not the result of clerical error, fraud or its equivalent is necessary to sustain such a libel. In The Hewitt, supra, exceptions to

a libel of review were sustained under circumstances which undoubtedly evoked greater sympathy for the libellant than the facts of the present case warrant. Consequently, even if the pending motion were to be treated as a libel of review it could not be sustained. The language of Judge Knox in The Hewitt, 15 F.2d at page 858, is pertinent: "If libelants have valid claims against the owners of the Hewitt, and are not themselves at fault, it is most regrettable that they are not to have an opportunity to assert them. At the same time, litigation must at some time come to an end * * *. The relief now sought is extraordinary in character, but it should not be denied if a case is made out which entitles libelants to its application. It must, however, be borne in mind that only extraordinary reasons will justify extraordinary relief and that, in cases of this character, the allegations of the libel are examined with great scrutiny."

The libellant in the instant case has failed to meet the severe test which the authorities require for the relief he seeks.

Motion denied.

Submit order.