## UNITED STATES v. DALZELL et al.

District Court, S. D. New York.
April 25, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Max Taylor, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Frederic Conger, of New York City, of counsel), for respondents.

KENNEDY, District Judge.

By this libel of review the United States of America seeks to modify a decree entered in this court on December 11, 1941. The libel in this proceeding was filed on April 19, 1944.

On July 26, 1939 the United States of America filed its libel in rem against M/V Aakre and the steam tugs Dalzellido, Dalzellite and John J. Timmins, in a cause of collision to recover damages claimed to have been sustained by libelant's dredge Navesink. There was a trial in this Court, and on October 29, 1941 a decision was rendered dismissing the libel. A decree was proposed providing for costs against the United States of America, and this decree was entered on December 11, 1941. No appeal was taken by libelant; the time to appeal has long since expired.

The present libel is based upon two propositions: (1) that costs may never be awarded against the government in the absence of a statute authorizing such an award, and therefore to the extent that the decree of December 11, 1941 provides for such costs the record presents clear error of law, and (2) that the supposed error may be corrected by this libel of review.

Naturally I must deal first with the question whether a libel of review will lie at all under the circumstances here disclosed, the facts being undisputed. In my approach to this problem I must necessarily assume that an award of costs against the United States of America, absent a statute permitting it, could be properly described as a "clear error of law", although I am by no means satisfied on this point, and do not undertake to decide it.[1] The threshold question is whether an improper award of costs can be corrected by a libel of review after the time to appeal from the decree has passed.

Judge Goddard in The Frederick Der Grosse, D.C.,S.D.N.Y., 1929, 37 F.2d 354, says there are three situations under which libels of review may be entertained; (1) where errors of law are apparent on the face of the record, (2) where since the entry of the decree a party has discovered new facts which would materially affect it, and (3) where the decree has been procured by fraud. He cites a number of cases to support this analysis (e. g. Scotten v. Littlefield, 1914, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289; Snow v. Edwards, D.C.Mass., 1873, 22 Fed.Cas. page 726, No. 13,145; The Columbia, D.C.,E.D.N.Y., 1900, 100 F. 890; The New England, D.C.,

---

[1] It is, of course, generally true that the United States of America does not pay costs. (United States v. Barker, 1817, 2 Wheat. 395, 4 L.Ed. 271; United States v. Worley, 1930, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887; United States v. Chemical Foundation, 1926, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131.) There are cases containing intimations to the contrary (e. g. The Thekla, 1924, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313, and cases cited), but libelant distinguishes these either on the ground that they deal purely with interest, and not costs, or on the ground that costs were allowable even in the absence of a statute because of peculiarities of procedure.

C.C.N.H., 1839, 18 Fed.Cas. page 52, No. 10;151). The New England is a decision by Mr. Justice Story at circuit in New Hampshire. It is true, as the libelant asserts here, that the case clearly recognizes the correction of errors of law appearing on the face of the record as one ground for a libel of review. The New England, supra, 18 Fed.Cas. p. 56:

"But upon the most careful reflection which I have been able to bestow upon it, the result to which I have brought my mind, is, that, if the district court has a right to entertain a libel of review in any case, it must be limited to very special cases, and either where no appeal by law lies, because the matter is less in value than is required by law to justify an appeal, or the proper time for any appeal is passed, and the decree remains unexecuted; —or where there is clear error in matter at law; or, if not, where the decree has been obtained by fraud; or where new facts, changing the entire merits, have been discovered since the decree was passed, and there has been not only the highest good faith (uberrima fides), but also the highest diligence and an entire absence of just imputations of negligence; and, finally, where the principles of justice and equity require such an interference to prevent a manifest wrong."

This language, giving it the construction most favorable to the libelant, can be read to mean that libels of review may be used to correct clear error in matter at law even after the proper time to appeal has passed. Benedict, on the other hand (6th Ed., vol. 3, sec. 420), says that once the term has passed libels of review may be employed to correct decrees only where they are produced by "accident, oversight, mistake or misapprehension". In other words this text writer makes no reference to the correction of "clear errors of law" after the term has expired. And I think a careful reading of the opinion of Mr. Justice Story in The New England leads to the conclusion that he would not have sanctioned the use of a libel of review in the cause at bar. In The New England the district judge had announced his decision in favor of the libelants, who were salvors. On the morning after the final adjournment of the court it was ascertained that a mistake had been made, as a result of which the libelants would take no benefit at all from the judge's decision. Then there followed a controversy concerning the appealability of the "decree", since the application to correct the mistake, or for the allowance of an appeal, was made after the term had expired. Mr. Justice Story's decision is that the "decree" had never become final, and that the district judge retained jurisdiction to vary or modify it. For this reason he found it unnecessary to decide whether a libel of review could be entertained. But the whole tenor of the opinion is to the effect that errors which can be reached by appeal cannot be corrected by a libel of review. And it may well be that the language which I have quoted from the opinion is broader than would be necessary today, because when The New England was decided there were many more restrictions on appeals in admiralty than there are now.

It seems to me that it would be unwise to hold that a libel of review lies to correct clear errors of law on the face of the record after the time to appeal has expired, even where the government is the aggrieved suitor. In the case of a private suitor the question could hardly arise because the lapse of such a long time between the entry of the decree and any effort to correct it would probably constitute such negligence as to bar relief in any form. Indeed Judge Goddard suggests (United States v. Stanley & Patterson, D.C.,S.D.N.Y.,1935, 12 F.Supp. 731, 733) that this rule is also applicable to the government.[2] But I do not see how one can escape giving all litigants the same benefit that the government would receive if it succeeded here: the right to upset decrees after the time to appeal has expired because of claimed errors of law. I think that mistake, accident and fraud are on a different footing than errors of law. The latter may be cured by a simple procedure

[2] I would be reluctant to accept this view, because it involves a holding that the government may be deprived of its rights by the laches of its servants, and I do not believe that this is so.

open to all suitors alike. If that procedure is not invoked, no matter what the reason may be, it is certainly unwise to permit collateral attacks on decrees said to be erroneous in law, and to require a judge to review another judge of coordinate jurisdiction.

The libel is accordingly dismissed without costs. I have not filed findings of fact or conclusions of law because they are manifestly unnecessary.