## UNITED STATES v. LANDGRAF.

### No. 141.

District Court, E. D. Pennsylvania.

Aug. 12, 1948.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., Thomas E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., Michael A. Foley, Philadelphia, Pa., for libellant.

Wilfred R. Lorry, and Charles Lakatos, for Freedman, Landy & Lorry, Philadelphia, Pa., for respondent.

GANEY, District Judge.

This is a Libel of Review. The facts therein are briefly as follows: On August 4, 1947, after trial, an Opinion was filed in which Findings of Fact and Conclusions of Law were made and the sum of Fifty Three Thousand, Two Hundred Fifty Three and 02/100 Dollars ($53,253.02) was the amount of the judgment to be entered thereon. D.C., 75 F.Supp. 58. On August 7, 1947 the United States filed a request for supplemental Findings of Fact and under date of August 12, 1947, counsel for the defendant submitted a proposed form of final decree. On September 8, 1947, both counsel for the United States and for the defendant met in the Court's Chambers and certain amendments were made to the Findings of Fact No. 7 and No. 23 and a request therein made orally for the reduction of the amount of the damages awarded. On September 18, 1947, counsel for the United States, submitted a written memorandum in support of the Motion for reduction of damages and on October 1, 1947, counsel for the defendant forwarded a reply thereto. Thereafter a final decree was signed by the Trial Judge and filed on November 6, 1947. On February 10, 1948, counsel for the defendant wrote a letter to counsel for the United States requesting payment of the judgment, since more than three months had elapsed since the date of the entry of the judgment. This notation, counsel for the plaintiff states was the first time he had knowledge that the court had entered the judgment. His office had checked the docket and entries in the Clerk's Office and at least on one occasion called the Clerk's Office, making inquiry whether judgment had been entered and was told there was none, and attributes his inadvertence to not knowing that judgment had been entered on November 6, 1947 to the fact that the same parties to this cause of action, which is No. 141 of 1946, are the same as parties to an action, No.

147 of 1946, and that as no judgment had been entered as to the latter cause of action, mistake was made in confusing it with the instant cause of action. In addition it is further contended that while disposition was made by the court with respect to the earlier motion for amendment to the Findings of Fact, no formal disposition was made of the motion to reduce the amount of damages by the court, other than the entry of the judgment. However with respect to this latter contention, it seems obvious that the entry of the judgment by the court was disposition itself of the motion for reduction of damages.

While the circumstances here obtaining are extremely unfortunate, the court is reluctant to conclude that the facts alleged are insufficient, after a rather exhaustive review of the law with respect thereto, to meet the requisites for a Libel of Review. While the point has not been raised in admiralty on many occasions, where it has, the courts have uniformly held that its discretion may only be properly exercised where the challenge to the judgment is the result of clerical error or where fraud or its equivalent obtain. Heffern v. The DeWitt Clinton, D.C., 44 F Supp. 550; Snow v. Edwards, Fed.Case No. 13,145; The Columbia, D.C., 100 F. 890; Hall v. Chisholm, 6 Cir., 117 F. 807; The Hewitt, D.C., 15 F.2d 857.

Accordingly the Libel of Review is dismissed.