**COOPER STEVEDORING COMPANY, Inc. and Cooper Stevedoring of Louisiana, Inc., Libelants,**

**v.**

**LUCKENBACH OVERSEAS CORPORATION and Maritime Overseas Corporation, Respondents.**

United States District Court
S. D. New York.

July 13, 1964.

Foley & Grainger, New York City, for libelants. Joseph K. Grainger, New York City, of counsel.

Healy, Baillie & Burke, New York City, for respondents, Raymond J. Burke and Thomas A. Dillon, Jr., New York City, of counsel.

WYATT, District Judge.

This is a motion by the two libelants (referred to without distinction as "Cooper") for an order (1) "permitting the process of this Court to issue"

against respondents in personam to answer a libel of review filed by libelants on May 21, 1964, (2) vacating a decree entered on September 17, 1963, awarding freight moneys to respondent Luckenbach, (3) requiring deposit in this Court of the said freight moneys, and (4) awarding said freight moneys to libelants.

There was a controversy in this Court between one of the libelants (Cooper Stevedoring of Louisiana, Inc.) and respondent Luckenbach over certain freight moneys earned by the "Audrey J. Luckenbach". The facts and decision of the Court are stated in an opinion filed August 19, 1963. A memorandum decision filed September 17, 1963 denied a motion by Cooper for reargument. The decree entered on the same day awarded the freight moneys to the here respondent Luckenbach.

A notice of appeal by Cooper from the September 17, 1963 decree was filed on November 29, 1963.

The present libel of review was filed on May 21, 1964 and an order to show cause bringing on the present motion was signed the same day by Judge Cashin.

It falls first to be certain what a "libel of review" is and when it may properly be entertained.

■ The libel of review derives from the bill of review in equity and is to correct a decree of the admiralty court where no other remedy is available because the term of the court rendering the decree has expired and the time for appeal has gone by. As Judge Learned Hand put it in W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 155 F.2d 321, 323 (2d Cir. 1946):

"A 'libel of review,' like its analogue a 'bill of review' in equity, will lie only when other relief is not open to the party aggrieved."

The origin of bills of review lay principally in the old rule that "a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term". United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914).

All this appears now to be changed by 28 U.S.C. § 452 and—for the non-admiralty causes—by Fed.R.Civ.P. 60. The future of libels of review, at least in their historic form, may thus be uncertain.

■ The libel of review is an independent suit and is a rare, uncommon and extraordinary procedure. It may be employed not as a matter of right but only in the discretion of the Court.

Perhaps the best description of a libel of review is that given long ago by Mr. Justice Story on circuit in New Hampshire. The case was The New England, 18 Fed.Cas. 52 (No. 10,151) (C.C.N.H. 1839) and the description was as follows (18 Fed.Cas. at 56):

"But upon the most careful reflection which I have been able to bestow upon it, the result to which I have brought my mind, is, that, if the district court has a right to entertain a libel of review in any case, it must be limited to very special cases, and either where no appeal by law lies, because the matter is less in value than is required by law to justify an appeal, or the proper time for any appeal is passed, and the decree remains unexecuted;—or where there is clear error in matter at law; or, if not, where the decree has been obtained by fraud; or where new facts, changing the entire merits, have been discovered since the decree was passed, and there has been not only the highest good faith (uberrima fides), but also the highest diligence and an entire absence of just imputations of negligence; and, finally, where the principles of justice and equity require such an interference to prevent a manifest wrong."

The libel of review is also discussed in The Frederick Der Grosse, 37 F.2d 354 (S.D.N.Y.1929); United States v. Stanley & Patterson, 12 F.Supp. 731 (S.D.

N.Y.1935); Heffern v. The De Witt Clinton, 44 F.Supp. 550 (S.D.N.Y.1942); United States v. Dalzell, 68 F.Supp. 173 (S.D.N.Y.1946); 2 C.J.S. Admiralty § 167; 2 Benedict on Admiralty (6th ed.) § 275).

Benedict, above, states that the libel of review may be employed (where no other remedy is left) in three situations:

1. where the decree was "inadvertently and improperly entered";

2. where there was no notice of the suit to a person deprived of property by the decree; and

3. where "there has been fraud of any kind in the suit".

This omits in error a fourth situation, according to Mr. Justice Story (above), "where new facts, changing the entire merits, have been discovered since the decree was passed" and there has been "the highest diligence".

In the suit at bar, the only possible justification for a libel of review could be (a) "new facts" or (b) "fraud * * * in the suit".

The "new facts" are said to be that on May 22 and May 23, 1963—when notice was given by Luckenbach to Barr— "no money was due Luckenbach".

The "fraud" is said to be the giving by Luckenbach to Barr of notice on May 22 and May 23, 1963 when assertedly no moneys were due Luckenbach. This is said to have been an "improper and false statement" and "improper and in fraud of libelants".

■ Assuming that no moneys were due Luckenbach on May 22 and 23, 1963 this would not change the result. The important date is not the date of the notice but the date of the filing of the libel, and it appears to be conceded that there were moneys due Luckenbach at that time. The decision in chief was based in part on the representation that charter hire of $96,500 became due to Luckenbach on June 5, 1963 and was not paid. The lien of Luckenbach therefor "reverted to the date of the execution of the charter" (American

Steel Barge Co. v. Chesapeake & O. Coal Agency Co., 1 Cir., 115 F. 669 at 673) and was superior to any claim of Cooper.

■ In any event, the libel would not be entertained on this ground because there is no showing of the "highest diligence". There appears to be no reason why the state of accounts between Luckenbach and the charterer could not have been discovered before the decree was entered; indeed, the only way "discovery" has occurred is through voluntary disclosure by the charterer and Luckenbach.

The assertion of "fraud" has even less merit.

The written notice of May 23 from Luckenbach to Barr confirms telephone notice on May 22. The written notice is that Luckenbach has an "irrevocable assignment * * * for all freights due from your company" and that "any such freights * * * are * * * payable directly to us".

This notice does not state, as sometimes asserted for libelants, that moneys are due from charterer to Luckenbach. It is not true, as asserted in the libel of review (Twelfth) that the notice stated that "the charterer * * * was indebted [to Luckenbach] at the time of the notices".

The notice to Barr was truthful in that Luckenbach did have at the time an assignment from the charterer. The only question is whether this assignment included the freights due from Barr because it excepted freights already assigned "to others". Cooper had no assignment from the charterer but rather Barr was "irrevocably instructed" to pay the freights to Cooper and Barr undertook to do so. However the action of Luckenbach in giving notice to Barr be viewed, it falls far short of fraud.

The libel of review is without merit and in the exercise of discretion will not be entertained.

The motion is in all respects denied and a decree will be entered dismissing the libel.

So ordered.